■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURTLAND LEWIS, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 23, 1977 sentencing defendant, after conviction by jury of robbery in the first and third degrees, to concurrent indeterminate terms of imprisonment of 12 to 24 years on one count of robbery in the first degree, and 3½ to 7 years on each of three counts of robbery in the third degree, is modified, as a matter of discretion in the interest of justice, so as to reduce the sentence on the count of robbery in the first degree to an indeterminate term of imprisonment with a minimim of 8 years and a maximum of 16 years, and, as so modified, the judgment is affirmed. We are troubled by the fact that defendant was tried in one trial for five unrelated robberies alleged to have taken place on five different dates in four different locations, and the possibility of prejudice inherent in such a trial. However, in the present case, we do not think we should interfere with the trial court's exercise of discretion in trying these charges together because defendant's guilt of the four counts on which he was convicted was quite clearly proved; there were substantial elements of similarity in the four cases demonstrating a pattern; the jury obviously did not lump all the crimes together as it failed to convict defendant of one count, disagreeing as to that count; and defendant's attorney did not request the trial court to instruct the jury explicitly to consider the evidence as to each incident separately and not to consider the evidence of one incident as indicating guilt of another incident. However, the sentence of 12 to 24 years on the count of robbery in the first degree appears to us to be so much more severe than the usual range of punishment for such crimes under comparable circumstances as to raise serious questions of disparateness of sentence. The maximum sentence permitted by statute for robbery in the first degree, in the case of a predicate felon, is 12½ to 25 years, so that the sentence imposed by the trial court is very close to the statutory maximum. The following circumstances indicate to us that the sentence is too severe: There was no violence (other than that inherent in the definition of the crime of robbery as "forcible" stealing, because of which even the lowest degree of robbery is deemed a very serious crime); no one was hurt or touched; no one was required to do anything except hand over the money, e.g., no requirement to lie down on the floor or stand against a wall or be locked in a room; although defendant momentarily displayed the butt of a pistol, he never drew the weapon, or pointed it at anyone. Defendant has never been convicted of a crime involving violence, nor of any previous robbery (the count on which the jury disagreed did

involve violence, but the jury was obviously not persuaded that defendant was involved in that crime). But for the momentary display of the gun butt, all the crimes of which defendant was convicted would have been robbery in the third degree, class D felonies with a maximum permissible sentence of 3½ to 7 years on each; and even if consecutive sentences were imposed, the effective maximum would still be 3½ to 20 years (Penal Law, § 70.30, former subd 1, pars [b], [c]). On the other hand, defendant has twice before been convicted of felonies; and he has been found guilty in this case of four separate robberies. Balancing these factors, we think it appropriate to reduce defendant's sentence on the robbery in the first degree count by one third, i.e., to 8 to 16 years, which we deem to be an appropriately severe but not disparate sentence. Concur—Silverman, Evans and Lynch, JJ.

Lupiano, J. P., and Sullivan, J., dissent in part in a memorandum by Sullivan, J., as follows: I would affirm the judgment. Defendant has now been convicted of six felonies in two different States within a span of two and one-half years. He was convicted in Montana of forgery, and while he could have received 10 years the court sentenced him to two years' probation on condition that he make restitution. He failed to make restitution. Two months after being placed on probation he was arrested for, and subsequently convicted of, burglary and was sentenced to State prison. He was also found guilty in Montana of a violation of probation on specifications which included attempted robbery and possession of a stolen .22 caliber firearm. He was paroled after five months. In this proceeding, defendant has been found guilty of four robberies committed during a spree in the Co-op City housing development. All his victims were either teenagers or women working alone in stores. During the commission of these crimes he either demonstrated, or threatened the use of, a gun. Defendant has displayed a callous and dangerous indifference to the rights of others by his criminal history. It is obvious that he has not been deterred by his previous convictions, for which he received remarkably lenient punishment. He is not deserving of any further leniency. Accordingly, I find no abuse of discretion by Trial Term in its sentence. Indeed, it acted quite judiciously in isolating this defendant for the protection of society for an extended period of time.