In the Matter of JOHNNY ROBALLO, Respondent, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, et al., Appellants.

Fourth Department, January 27, 1984

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Robert Ciesielski* and *William J. Kogan* of counsel), for appellants.

*Norman P. Effman (Susan Jones* of counsel), for respondent.

**OPINION OF THE COURT**

SCHNEPP, J.

The issue before the court in this CPLR article 78 proceeding concerns the calculation of the aggregate maximum and minimum term of consecutively imposed persistent felony offender sentences. Following convictions in 1980 for the class D felony of assault in the second degree and the class B felony of rape in the first degree, petitioner was sentenced in each case as a persistent felony offender[1]

---

1. A persistent felony offender is a person who stands convicted of a felony after having previously been convicted of two or more felonies (Penal Law, § 70.10, subd 1, par [a]).

to terms of imprisonment having maximums of life and minimums of 20 and 25 years, respectively, with the second sentence ordered to run consecutively to the first.[2] The underlying crimes were committed prior to the time that the petitioner was imprisoned under any of such sentences. Petitioner claims that respondent erred when he calculated the sentence pursuant to section 70.30 (subd 1, par [b]) of the Penal Law[3] to be 45 years to life, and that these consecutive persistent felony offender sentences are subject to section 70.30 (subd 1, par [c])[4] which limits the aggregate maximum and minimum term of consecutive indeterminate sentences of imprisonment imposed for two or more crimes.

Under paragraph (c) the "aggregate maximum term of consecutive sentences imposed for two or more crimes, other than two or more crimes that include a class A felony, committed prior to the time the person was imprisoned under any of such sentences shall, if it exceeds twenty years, be deemed to be twenty years, unless one of the sentences was imposed for a class B felony, in which case the aggregate maximum term shall, if it exceeds thirty years, be deemed to be thirty years." The aggregate minimum term is deemed one half of the aggregate maximum term as so reduced.

Supreme Court found that paragraph (c) applies to this case and entered judgment ordering that petitioner's sentence be deemed to have a maximum term of 30 years and a minimum term of 15 years. For the reasons which follow, we disagree and rule that respondent properly calculated that petitioner must serve 45 years in prison before he is eligible for parole.

In deciding the applicability of paragraph (c) we are guided by certain rules of statutory interpretation. As a

---

**2.** The judgments of conviction were affirmed by the Appellate Division, First Department (*People v Roballo,* 86 AD2d 988, 89 AD2d 1064) and no issue is presented on this appeal concerning the legality of making the second persistent felony offender sentence consecutive to the first.

**3.** Paragraph (b) provides that if indeterminate sentences run consecutively the minimum periods of imprisonment are added to arrive at an aggregate minimum period of imprisonment equal to the sum of all the minimum periods and the maximum terms are aggregated in the same fashion, provided that the limitations imposed by paragraph (c) are not applicable.

**4.** Paragraph (c) was amended and renumbered effective May 31, 1983 (L 1983, ch 199).

general rule, when a statute is clear and unambiguous a court must give effect to the legislative will and intent as expressed (McKinney's Cons Laws of NY, Book 1, Statutes, § 76), and it should not "speculate upon the supposed intent for the purpose of giving [the statute] a different meaning." (*Gillespie v Zittlosen,* 60 NY 449, 451.) "[R]ules of construction are invoked only when the language used leaves its purpose and intent uncertain or questionable." (*People ex rel. New York Cent. & Hudson Riv. R. R. Co. v Woodbury* [*Town of Minden*], 208 NY 421, 425.)

In our view, section 70.30 (subd 1, par [c]) is capable of only one definite and intelligible construction, and there is no need to resort to the rules of construction to give effect to its plain meaning. By its very language it applies only to indeterminate "consecutive sentences *imposed for two or more crimes,* other than two or more crimes that include a class A felony" (emphasis added). As used in this provision, the word crime means "felony" (Penal Law, § 10.00, subd 5). Thus, the paragraph applies only to indeterminate "consecutive sentences *imposed for two or more [felonies],* other than two or more [felonies] that include a class A felony".

Although in this case petitioner was convicted of class D and B felonies, he did not receive the sentence of imprisonment authorized for these crimes (see Penal Law, §§ 70.00, 70.02); consecutive life sentences were imposed because it was found in each case that he is a persistent felony offender. A life sentence is the ultimate disposition under the Penal Law for a class A felony and it is not authorized for the commission of class D and B felonies. It may be imposed upon a persistent felony offender, however, "in lieu of" any other authorized sentence if the court "is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law, § 70.10, subd 2). A life sentence has been authorized by the Legislature in this instance "upon the theory that the offender's previous conduct and demonstrated inability to reform have shown him to be a serious and persistent threat to the public security." (Fifth Interim Report of NY Temporary

Comm On Revision of Penal Law and Criminal Code, NY Legis Doc, 1966, No. 28, p 24.) No gradation of penalty due to the class of felony committed has been provided for in the persistent felony offender statute, and in this sense the sentence authorized for a persistent felony offender (Penal Law, § 70.10, subd 2) bears no relationship to the gravity of the underlying crime committed. The authorized sentence for a persistent felony offender does not depend on the class of felony committed.

By way of contrast, the authorized sentence for a second felony offender[5] depends upon the class of felony committed (Penal Law, § 70.06). Subdivision 3 of section 70.06 sets forth the maximum term of a second felony offender sentence and provides that

"(a) For a class A-II felony, the term must be life imprisonment;

"(b) For a class B felony, the term must be at least nine years and must not exceed twenty-five years;

"(c) For a class C felony, the term must be at least six years and must not exceed fifteen years * * *" (see, also, Penal Law, § 70.04).

Thus, consecutive second felony offender sentences have been held subject to section 70.30 (subd 1, par [c]) (see *People v Zimmer,* 88 AD2d 1031; see, also, *People v Lewis,* 66 AD2d 702; Hechtman, 1980 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 70.30, 1983-1984 Pocket Part, p 198).

Supreme Court's interpretation of paragraph (c) results from its failure to reconcile the provisions of that paragraph, and the provisions of the section within which it is found, with the persistent felony offender law. Sections 70.10 and 70.30 are contained in article 70 which is entitled "Sentences of Imprisonment", and "[a]s integral parts of a comprehensive sentencing scheme, they must be read together." (*People v Yale,* 49 AD2d 167, 168.) They should be construed together to determine the legislative intent, and given a reasonable construction which harmonizes them together. (See *Levine v Bornstein,* 4 NY2d 241, 244;

---

**5.** A second felony offender is a person who stands convicted of a felony other than a class A-I felony, after having previously been subjected to one or more predicate felony commissions (Penal Law, § 70.06, subd 1, par [a]).

see, also, *Rankin v Shanker,* 23 NY2d 111, 114; McKinney's Cons Laws of NY, Book 1, Statutes, §§ 97, 98.)

It was the clear intent of the Legislature in enacting section 70.10 to authorize the harsh treatment of persistent felony offenders "who have demonstrated an inability to respond affirmatively to correctional treatment." (Third Interim Report of NY Temporary Comm On Revision of Penal Law and Criminal Code, NY Legis Doc, 1964, No. 14, p 19.) "The purpose of the statute is to allow the court to use a sentence that includes extended incarceration and lifetime supervision for persons who persist in committing serious crimes after having been subjected to repeated terms of imprisonment." (Commission Staff Notes On Proposed NY Penal Law,[6] Gilbert Criminal Law and Procedure [65th ed, 1982-1983] [hereinafter Commission Staff Notes], p 2A-22.) On the other hand, the intent of the Legislature in enacting section 70.30 (subd 1, par [c]) was not to "affect the number or the lengths of the sentences that may be imposed by the courts" but merely to provide "directions for calculating the aggregate length of those sentences." (Commission Staff Notes, p 2A-29.)

In this case, two different Judges determined that petitioner is a persistent felony offender and that it is appropriate to sentence him to life in prison. The judgment of the court below, however, nullifies those determinations by reducing the total term of petitioner's sentence to less than that imposed by either sentencing Judge. The absurdity of this result is obvious: it neither promotes justice nor effects the objects of either section 70.10 or section 70.30 (see Penal Law, § 5.00). Only by excluding consecutive persistent felony sentences from the application of section 70.30 (subd 1, par [c]) can the sections be harmonized and the spirit and purpose of the provisions be preserved.

The foregoing analysis is not the approach urged by respondent superintendent. His position is that when petitioner was sentenced as a persistent felony offender, he was sentenced, in effect, for a class A felony. Thus, according to respondent, section 70.30 (subd 1, par [c]) is not

---

**6.** These staff notes were prepared to explain the changes effected by the proposed Penal Law that was introduced for study purposes at the 1964 Legislative Session (Commission Staff Notes, p 2A-1).

applicable to this case, since consecutive sentences were imposed upon petitioner for "two or more crimes that include a class A felony." The difficulty with this interpretation of the paragraph, however, is that the persistent felony offender statute is a sentencing provision and does not proscribe conduct which is, in and of itself, a crime. In order to accept respondent's argument we would have to ignore the clear language of paragraph (c) and find that when the Legislature said "class A felony" it also meant persistent felony offender adjudications.

We have determined that the proper approach is to interpret section 70.30 (subd 1, par [c]) literally and to find that the paragraph is not applicable here because the consecutive sentences were not imposed for two or more crimes. This method avoids the problem of attempting to discern legislative intent where it may not be discernible and gives effect to the statute as it is written

Accordingly, we conclude that section 70.30 (subd 1, par [c]) of the Penal Law has no application to persistent felony offender sentences. The judgment should be reversed and the petition dismissed.

HANCOCK, JR., J. P., CALLAHAN, BOOMER and GREEN, JJ., concur.

Judgment unanimously reversed, and petition dismissed.