*487 OPINION OF THE COURT
Chief Judge Cooke.
Petitioner was convicted of first degree rape, a class B felony, and second degree assault, a class D felony. He was sentenced on each conviction as a persistent felony offender, under section 70.10 (subd 1, par [a]) of the Penal Law, to consecutive indeterminate terms of 25 years to life for the rape and 20 years to life for the assault. Following petitioner’s commitment to a New York correctional facility, respondent Department of Correctional Services calculated, pursuant to section 70.30 (subd 1, par [b]) of the Penal Law, the aggregate minimum and aggregate maximum terms to be served by petitioner to be 45 years to life imprisonment.
Petitioner brought this article 78 proceeding challenging said calculation and requesting a recomputation on the ground that section 70.30 (subd 1, par [b]) of the Penal Law was erroneously applied and that section 70.30 (subd 1, par [c]) of the Penal Law, which provides a limitation on the aggregate maximum terms of consecutive indeterminate sentences of imprisonment imposed for two or more crimes, was the controlling provision.[1]
Supreme Court granted the petition in part and recomputed the aggregate minimum and maximum terms to be 15 to 30 years’ imprisonment. The Appellate Division reversed and dismissed the petition on the ground that section 70.30 (subd 1, par [c]) did not apply in the present circumstances. This court now affirms.
Calculation of terms of imprisonment is governed by section 70.30 of the Penal Law. To calculate the aggregate minimum and maximum terms of two or more consecutive indeterminate sentences, the minimum and maximum terms of each sentence are added together for the respective totals (Penal Law, § 70.30, subd 1, par [b]). This is subject to the limitations in paragraph (c) of subdivision 1, which imposes a ceiling on the aggregate maximum term of 20 years or, if a class B felony is involved, 30 years, and restricts the aggregate minimum term to one half of the *488 reduced aggregate maximum term. This subdivision does not apply if at least one of the convictions was for a class A felony.[2]
Petitioner correctly argues that a literal reading of section 70.30 requires that his sentence be limited to 15 to 30 years under paragraph (c) of subdivision 1. This overlooks that petitioner received enhanced sentences as a persistent felony offender (see Penal Law, §§ 70.00, 70.10). The purpose of these provisions is to protect society when “the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest” (Penal Law, § 70.10, subd 2). In that instance, the normal sentencing limits for the underlying felony may be ignored and the court may sentence a defendant to a term authorized for a class A-l felony, which includes life imprisonment (Penal Law, § 70.00, subd 2, par [a]; § 70.10, subd 2).
If section 70.30 were applied as petitioner suggests, the public interest in imposing enhanced punishment on persistent felony offenders would be defeated because, under paragraph (c), petitioner’s two life sentences would be reduced to an aggregate maximum of 30 years. Indeed, this construction would reward the defendant who receives *489 consecutive persistent felony offender sentences by reducing his or her maximum sentence, while leaving the defendant with concurrent persistent felony offender sentences subject to a maximum of life imprisonment.
The courts should strive to avoid an interpretation of a statute where the literal application of one section will nullify the effect of another, especially when this produces an absurd result (see Matter of Albano v Kirby, 36 NY2d 526, 530). Sections 70.10 and 70.30 are both integral parts of the Penal Law’s comprehensive sentencing scheme and, as such, they must be read together and harmonized, if possible, to achieve a reasonable result giving effect to each one (see People v Mobil Oil Corp., 48 NY2d 192, 199; Matter of Albano v Kirby, 36 NY2d 526, 530-531, supra; People v Yale, 49 AD2d 167, 168).
Section 70.10 was obviously intended to authorize harsher treatment of persistent felony offenders. Section 70.30, entitled “Calculation of terms of imprisonment”, was not intended to restrict the number or length of the sentences that may be imposed, but merely to direct how the aggregate length of those sentences should be calculated (see Commission Staff Notes on Proposed NY Penal Law, 1982-1983 Gilbert Criminal Law and Procedure, p 2A-29).
The purposes of both sections will be served if section 70.30 (subd 1, par [c]) is read as excluding those situations when the defendant receives consecutive sentences, at least one of which is as a persistent felony offender. When someone is sentenced as a persistent felony offender, the normal sentence range authorized for the particular class of the underlying conviction is ignored and a sentence applicable to a class A-l felony may be imposed (Penal Law, § 70.10, subd 2). Notably, the Legislature excluded sentences imposed for class A convictions from the scope of section 70.30 (subd 1, par [c]). A consistent application of the two statutes can be obtained if section 70.30 is read as referring not to the class of the underlying crime but to the class of the sentence imposed.[3] Thus, in the present matter, *490 petitioner’s sentencing as a class A-l felon would control the effect of section 70.30, notwithstanding that his convictions were for lesser felonies. Consequently, the reduction provisions in section 70.30 (subd 1, par [c]) are inapplicable here, and petitioner’s aggregate term should be calculated pursuant to paragraph (b) of subdivision 1.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, without costs.

. Petitioner also alleged that he could only be sentenced once as a persistent felony offender. Supreme Court rejected this argument, and petitioner has not pursued the claim.

. Subdivision 1 of section 70.30 provides in pertinent part:
“1. Indeterminate sentences. An indeterminate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the state department of correctional services. Where a person is under more than one indeterminate sentence, the sentences shall be calculated as follows:
* ** *
“(b) If the sentences run consecutively, the minimum periods of imprisonment added to arrive at an aggregate minimum period of imprisonment equal to the sum of all the minimum periods, and the maximum terms are added to arrive at an aggregate maximum term equal to the sum of all the maximum terms, provided, however, that both the aggregate maximum term and the aggregate minimum period of imprisonment shall be subject to the limitations set forth in paragraphs (c) and (d) of this subdivision, where applicable;
“(c) (i) Except as provided in subparagraph (ii) or (iii) of this paragraph, the aggregate maximum term of consecutive sentences imposed for two or more crimes, other than two or more crimes that include a class A felony, committed prior to the time the person was imprisoned under any of such sentences shall, if it exceeds twenty years, be deemed to be twenty years, unless one of the sentences was imposed for a class B felony, in which case the aggregate maximum term shall, if it exceeds thirty years, be deemed to be thirty years. Where the aggregate maximum term of two or more consecutive sentences is reduced by calculation made pursuant to this paragraph, the aggregate minimum period of imprisonment, if it exceeds one-half of the aggregate maximum term as so reduced, shall be deemed to be one-half of the aggregate maximum term as so reduced”.

. It should be noted, however, that sentencing as a class A felony under the persistent felony offender section does not change the class of the underlying conviction. Classification as a persistent felony offender is not a separate offense. For this reason, there is no merit to the superintendent’s contention that paragraph (c) does not apply *490 because this case fits literally within its exception for “consecutive sentences imposed for two or more crimes” that “include a class A felony.” The underlying crimes for which consecutive sentences were imposed here were not class A felonies but remain class B and D felonies.