■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MARYEA, Appellant.—Judgment of the Supreme Court, New York County (Luis M. Neco, J.), rendered on February 13, 1987, convicting defendant, following a jury trial, of robbery in the first degree and grand larceny in the third degree and sentencing him to concurrent terms of incarceration of 8⅓ to 25 years and 1⅓ to 4 years, respectively, is unanimously modified on the law, the facts and as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the robbery count to 4 to 12 years, and otherwise affirmed.

Defendant's conviction for robbery in the first degree and grand larceny in the third degree arises out of an incident which occurred on August 15, 1986 when he approached the complainant, who was waiting alone at a bus stop, and grabbed her purse from under her arm. The victim turned around to confront defendant, and he raised a cane over his head in a threatening manner. He thereafter ran off with the

complainant and a bystander in pursuit. On appeal, defendant contends that the prosecutor made a number of improper comments during the course of his summation and that the maximum sentence of 8⅓ to 25 years' incarceration was excessive. First, it should be noted that two of the three allegedly inappropriate remarks made by the District Attorney were not objected to and, therefore, are not preserved for review *(People v Balls,* 69 NY2d 641), and we decline to reach this issue. As for the remaining statement, the one which was challenged below by defense counsel, that the People's witnesses "testified honestly", this single observation, while it may have been improper, does not by itself mandate reversal, particularly in view of the prompt curative instruction delivered by the trial court, which struck the comment from the record.

There is merit, however, to defendant's claim that the sentence imposed upon him was excessive. Although defendant has a history of misdemeanor convictions for petit larceny and attempted petit larceny, this was his first felony conviction. There were no injuries inflicted upon the victim. It appears that defendant is a drug addict who has resorted to petty theft to support his habit, and despite his record of misdemeanor convictions, he has never been the subject of probationary supervision. Without minimizing the seriousness of defendant's crime, a sentence of 8⅓ to 25 years was not warranted under the circumstances herein, and consequently, we are exercising our discretion to reduce the sentence on the robbery count to from 4 to 12 years. Concur—Ross, J. P., Milonas, Wallach and Rubin, JJ.