■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGEL SANTIAGO, Respondent.—Judgment of the Supreme Court, Bronx County (John Byrne, J.), rendered on June 6, 1990, convicting defendant, upon his plea of guilty, of four counts of robbery in the first degree, and sentencing him to concurrent terms of 3 to 9 years imprisonment, is affirmed.

Between April 2, 1990 and May 2, 1990, defendant was the subject of four separate indictments, each of which included a count of robbery in the first degree. Although he was released on his own recognizance at the time of his initial arraignment, defendant was required to post bail on two subsequent arraignments. On April 23, 1990, bail was exonerated, and defendant was remanded upon his arraignment on the fourth indictment. Defendant pleaded guilty to robbery in the first degree on May 15, 1990 in respect to and in satisfaction of each of the four indictments. Based upon the material facts elicited at this time, the court indicated that defendant would be sentenced to four concurrent terms of 3 to 9 years imprisonment. However, at the sentencing on June 6, 1990, the People objected to the plea bargain arrangement on the ground that since defendant had been on bail at the time he committed the fourth robbery, it was required that he be sentenced consecutively as to that offense. The court apparently held defendant's youth, lack of serious criminal record and the fact that no one had been injured during the commission of his offenses to be mitigating factors and adhered to the sentence on the negotiated plea.

Absent any error of law, the People have no right to appeal and this court may not interfere with the court's decision to impose concurrent terms *(People v Matthews,* 176 AD2d 627; *see also, People v Washington,* 175 AD2d 732, *lv denied* 78 NY2d 1082). We find that the court's elucidation of mitigating circumstances was a sufficient "statement on the record of the facts and circumstances upon which such determination is based" (Penal Law § 70.25 [2-b]). The court relied on the fact that none of the victims was injured, that defendant was only eighteen years old at the time of occurrence, and that he was addicted to a variety of substances. The nature of the perpetrator and the absence of injury both bear directly on the manner in which the crimes were committed *(see, People v Maryea,* 157 AD2d 605, *lv denied* 76 NY2d 792). In addition, although the prosecutor initially recommended at the plea allocution that defendant be sentenced to indeterminate prison terms of 6 to 18 years, she did not object to the court's promise and apparently acquiesced in the court's evaluation of

the mitigating circumstances of the crimes committed. Consequently, there is simply no basis to set aside the sentence herein. Concur—Murphy, P. J., Milonas and Ellerin, JJ.

Sullivan and Smith, JJ., dissent in a memorandum by Sullivan, J., as follows: The People appeal from a sentence of four concurrent terms of three to nine years' imprisonment imposed in connection with defendant's conviction, upon his plea of guilty, of four counts of robbery in the first degree. Since, in my opinion, the sentence was invalid as a matter of law, I would reverse and remand for resentencing.

This conviction stemmed from charges brought in connection with four robberies prosecuted under four separate indictments. One of the robberies was committed at knifepoint. In the other three, including the last, defendant was accused of displaying what appeared to be a gun (Penal Law § 160.15 [4]). The last robbery was committed after defendant had been arraigned and released on bail on the other three indictments and while those charges were still pending.

Insofar as relevant, Penal Law § 70.25 (2-b) provides that "[w]hen a person is convicted of a violent felony offense committed after arraignment and while released on recognizance or bail, but committed prior to the imposition of sentence on a pending felony charge, and if an indeterminate sentence of imprisonment is imposed in each case, such sentences shall run consecutively. Provided, however, that the court may, in the interest of justice, order a sentence to run concurrently * * * if it finds * * * mitigating circumstances that bear directly upon the manner in which the crime was committed".

The majority concludes that defendant's youth, lack of a serious criminal record and the absence of injury to the complainant were sufficient mitigating circumstances under Penal Law § 70.25 (2-b) to justify the imposition of concurrent rather than consecutive sentences.* While these circumstances may justify a sentence reduction, as a matter of discretion, on appeal (see, e.g., People v Maryea, 157 AD2d 605, lv denied 76 NY2d 792; People v Spencer, 144 AD2d 310, lv denied 73 NY2d 983; People v Aguila, 121 AD2d 888, lv denied 68 NY2d 809; People v Lewis, 66 AD2d 702), they do not justify the imposition of concurrent rather than consecutive sentences under Penal Law § 70.25 (2-b).

---

* The majority also refers to the court's reliance on defendant's addiction. That factor, while mentioned at sentence by defense counsel, was not among those on which the court based its conclusion of mitigating circumstances.

The absence of injury has no relevance to defendant's first degree robbery conviction under the fourth indictment and thus does not "bear directly upon the manner in which the crime was committed" (Penal Law § 70.25 [2-b]). The infliction of injury is not an element of the crime of robbery in the first degree committed pursuant to Penal Law § 160.15 (4) (displays what appears to be a pistol). Rather, in the context of this case, it merely serves to explain the absence of aggravating circumstances, the presence of which would warrant additional charges. But the absence of an aggravating circumstance hardly constitutes a mitigating factor. In fact, defendant committed the fourth robbery in textbook fashion: he exploited a hapless victim with the threat of a gun and forcibly took his property. The statute requires no more nor no less.

Moreover, to regard the absence of injury as a mitigating circumstance in every first degree robbery conviction premised upon section 160.15's subdivisions (2) (armed with a deadly weapon), (3) (uses or threatens the immediate use of a dangerous instrument) or (4) (displays what appears to be a pistol), in which there is no assault, would allow for the imposition of concurrent instead of consecutive sentences and thus permit the exception to swallow the rule. This could not have been the result that the Legislature intended. Furthermore, while defendant did not injure the complainant in the fourth robbery, there is nothing in the record to suggest that he deliberately exercised restraint in this regard. In fact, according to the presentence report, defendant, indicating that he had a gun, told the victim, "[Y]ou owe me your life", thus conveying the threat that he was prepared to kill.

Nor do the other factors relied upon by the majority—defendant's youth and lack of a serious criminal record—"bear directly upon the manner in which the crime was committed". While the majority relies upon *People v Maryea (supra),* in support of its conclusion to the contrary, that case, as noted, involved a discretionary sentence reduction; there was no question in *Maryea* of mitigating circumstances under Penal Law § 70.25 (2-b).

Finally, I disagree with the majority's conclusion that the prosecutor "apparently acquiesced" in the court's evaluation of mitigating circumstances. While at the plea proceeding the prosecutor took no exception to the Judge's statement that defendant would be sentenced to concurrent terms of imprisonment, the prosecutor argued at sentence that because defendant "was out on the first three cases when he committed the

4th case", "the sentence must by law be consecutive to the others". This was sufficient to preserve a question of law for this court's review. *(See,* CPL 470.05 [2].)

