■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE DAVILLA, Appellant. [708 NYS2d 886] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered June 4, 1997, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the trial court properly permitted the People to amend the indictment by changing the description of the weapon unlawfully possessed from revolver to pistol (see, CPL 200.70; cf., People v Hood, 194 AD2d 556). The defendant has not shown that he was prejudiced in any way by the amendment (see, People v Hartman, 123 AD2d 883).

The defendant failed to preserve for appellate review his current contention that he was denied his rights to a speedy trial since the bases for that contention were not raised in the Supreme Court (see, People v Luperon, 85 NY2d 71, 78; cf., People v Lawrence, 64 NY2d 200, 203). The defendant's speedy trial motion at the Supreme Court, based on other grounds, was untimely (cf., CPL 210.20 [2]; 210.45 [1]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Santucci, J. P.; Friedmann, McGinity and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EVANS, Appellant. [709 NYS2d 403] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Buchter, J.), both rendered April 1, 1997, convicting him of robbery in the first degree (two counts, one each as to Indictment Nos. 6608/90 and 6609/90), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, his constitutional rights to due process and a speedy trial were not violated (see, People v Fuller, 57 NY2d 152; People v Taranovich, 37 NY2d 442; People v Rosado, 166 AD2d 544; People v Angrisani, 160 AD2d 713).

The defendant's remaining contention, raised in his supplemental pro se brief, is without merit. Bracken, J. P., Sullivan, Altman and Krausman, JJ., concur.