■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS JENNINGS, Appellant. [822 NYS2d 501]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered July 18, 2003, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, affirmed.

The verdict was not against the weight of the evidence (*see*

*People v Bleakley*, 69 NY2d 490 [1987]). On the contrary, we find the evidence to be overwhelming, particularly in light of the highly probative uncharged crimes evidence, the admissibility of which is not at issue on appeal. We find no merit in defendant's argument that, since he had a large amount of money on his person at the time of the crime, he therefore lacked any motive to acquire more money.

Although the court should have precluded police testimony expressing the opinion that defendant acted as a lookout, because it tended to usurp the jury's function (*see People v Hartzog*, 15 AD3d 866 [2005], *lv denied* 4 NY3d 831 [2005]), the error was harmless in view of the overwhelming evidence of defendant's guilt (*see id.*).

The court properly exercised its discretion in denying defendant's mistrial motion based on a claimed impropriety in the prosecutor's summation, since, even assuming the prosecutor's remark was improper, the court's prompt curative actions were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]). Defendant's remaining summation claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The adjudication of defendant as a persistent felony offender was not an abuse of discretion. While the sentence of 15 years to life may seem harsh if viewed solely in relation to this particular crime, the persistent felony offender statute was designed for this type of recidivist offender, who commits the same type of crime over and over, and after serving each term, reverts to the same criminal behavior (*see Matter of Roballo v Smith*, 99 AD2d 5 [1984], *affd* 63 NY2d 485 [1984]). If the sentencing court had not found defendant a persistent felony offender, the maximum sentence it could have imposed would have been an indeterminate term of 2 to 4 years, the same sentence defendant received for each of his prior two felonies. Under the circumstances, the sentencing court appropriately applied the statute, inasmuch as "the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]). Concur—Saxe, J.P., Marlow, Nardelli and McGuire, JJ.

Catterson, J., concurs in part and dissents in part in a separate memorandum as follows: I concur with the majority in its holding that the verdict was not against the weight of the evi-

dence, that any error in failing to preclude the testimony concerning whether or not defendant acted as a lookout was harmless, and that the defendant's mistrial motion was properly denied. However, in my view the sentence of 15 years to life is excessive and I would reverse only the adjudication of the defendant as a persistent felony offender. A 57-year-old pickpocket with no history of violence simply does not merit a 15-year sentence; a sentence of 2 to 4 years would be far more appropriate.