THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK TRUESDALE, Appellant. [845 NYS2d 363]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered June 29, 2005, convicting him of grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, possession of burglar's tools, and jostling (three counts), upon a jury verdict, and sentencing him as a persistent felony offender to an indeterminate term of incarceration of 15 years to life on the count of grand larceny in the fourth degree, a determinate term of incarceration of one year on the count of criminal possession of stolen property in the fifth degree, a determinate term of incarceration of one year on the count of possession of burglar's tools, and determinate terms of incarceration of one year on each of the three counts of jostling, all to run concurrently.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant's

adjudication as a persistent felony offender, and reducing the defendant's term of imprisonment for grand larceny in the fourth degree from an indeterminate term of imprisonment of 15 years to life to an indeterminate term of imprisonment of 2 to 4 years as a second felony offender; as so modified, the judgment is affirmed.

The defendant was convicted of grand larceny in the fourth degree based on evidence that he took the sum of $22 out of the pocket of an elderly man. He was also convicted of possession of stolen property in the fifth degree, jostling (three counts), and of possession of burglar's tools, to wit, the sweatshirt which he used to cover his hand while pickpocketing.

Prior to trial, the trial court ruled, after a hearing, that to demonstrate the defendant's intent and the absence of mistake or accident, the People could introduce evidence that the defendant previously had been arrested by the same officers who arrested him for the instant crimes, on another occasion when he used a sweatshirt to cover his hand while pickpocketing. Under the circumstances of this case, the evidence of the defendant's prior crime and his modus operandi on the prior occasion was properly admitted, with limiting instructions, to show intent (*see People v Alvino*, 71 NY2d 233 [1987]; *People v Bailey*, 21 AD3d 383, 384 [2005]).

With respect to the adjudication of the defendant as a persistent felony offender, the court based that adjudication solely upon the defendant's criminal record of misdemeanors and low-level felonies involving primarily pickpocketing offenses. In response, the defendant presented evidence of his good character. In light of the specific nature of the defendant's criminal history and the totality of the evidence adduced at the hearing, the persistent felony offender adjudication should be vacated. Accordingly, the defendant should be sentenced for grand larceny in the fourth degree—a class E felony—to an indeterminate term of imprisonment of two to four years, which is the maximum permissible sentence for a second felony offender convicted of that crime (*see* Penal Law § 70.06 [3] [e]; *People v Williams*, 239 AD2d 269 [1997]).

In light of our determination, the defendant's challenge to the constitutionality of the persistent felony offender statute has been rendered academic. The defendant's remaining contention is without merit. Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.