■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMELIL LYONS, Appellant. [875 NYS2d 543]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered July 29, 2008, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal mischief in the fourth degree, criminal possession of a weapon in the fourth degree, criminally using drug paraphernalia in the second degree (two counts), and conspiracy in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that the cocaine allegedly possessed by him on February 7, 2007 was improperly admitted into evidence is without merit. Reasonable assurances existed that the cocaine sought to be admitted was the same cocaine as allegedly was possessed by the defendant. Therefore, any

deficiencies in the chain of custody went only to the weight to be given to the evidence, not its admissibility (*see People v Hawkins,* 11 NY3d 484 [2008]; *People v Julian,* 41 NY2d 340, 343 [1977]; *People v Williams,* 5 AD3d 705, 706 [2004]).

Contrary to the defendant's contention, the trial court properly permitted the People to amend the indictment by changing the description of the weapon unlawfully possessed from switchblade knife to gravity knife (*see* CPL 200.70; *People v Davilla,* 272 AD2d 552 [2000]). The defendant has not shown that he was prejudiced in any way by the amendment (*see People v Hartman,* 123 AD2d 883 [1986]).

The defendant's contention raised in point six of his brief is unpreserved for appellate review and his remaining contentions are without merit. Rivera, J.P., Ritter, Miller and Chambers, JJ., concur.