■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GRIST, Appellant. [950 NYS2d 782]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered November 25, 2009, convicting him of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon

reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The court providently exercised its discretion in granting the People's application to amend the indictment to change the description of the property stolen from "credit cards" to "a credit card or debit card" (*see* CPL 200.70; *People v Spann*, 56 NY2d 469, 472-473 [1982]). Contrary to the defendant's contentions, the amendment of the indictment did not improperly change the prosecution's theory of the case (*see People v Lyons*, 60 AD3d 869 [2009]; *cf. People v Hong Wu*, 81 AD3d 849, 850 [2011]; *People v Powell*, 153 AD2d 54 [1989]).

Further, having adjudicated the defendant as a persistent felony offender, the court providently exercised its discretion in imposing the enhanced sentence authorized by Penal Law § 70.10 (2) (*see People v Mason*, 277 AD2d 170 [2000]; *People v Thomas*, 255 AD2d 468 [1998]). The legislature has defined a "persistent felony offender" as a person convicted of a felony after having previously been convicted of two or more qualifying felonies (Penal Law § 70.10 [1]). At sentencing, a court has the discretion to impose the enhanced penalties of the statute, upon consideration of the history and character of the defendant, the nature and circumstances of the crime, and the interests of the public (*see* Penal Law § 70.10 [2]; *People v Anderson*, 94 AD3d 1010, 1013 [2012], *lv denied* 19 NY3d 956 [2012]; *People v Ramos*, 45 AD3d 702, 703 [2007]; *People v Stevens*, 45 AD3d 610, 611 [2007]).

Here, the court considered the proper statutory criteria, and there was an ample basis from which to conclude that the enhanced sentence authorized for persistent felony offenders was appropriate. The defendant had nine prior felony convictions over the course of more than two decades. The defendant's prior felony convictions were primarily for criminal mischief, criminal possession of stolen property, and grand larceny, similar to the offenses of which he was convicted here. As such, he is the very definition of a recidivist, "who commits the same type of crime over and over, and after serving each term, reverts to the same criminal behavior" (*People v Jennings*, 33 AD3d 378, 379 [2006]; *see Matter of Roballo v Smith*, 99 AD2d 5 [1984], *affd* 63 NY2d 485 [1984]). In addition, the defendant refused to be interviewed as part of his presentence investigation, expressed no remorse for his conduct, and failed to display any willingness to rehabilitate himself (*see People v Batista*, 235 AD2d 631, 632-633 [1997]). The court, upon determining that the enhanced sentence authorized by Penal

Law § 70.10 (2) was appropriate, imposed the minimum sentence authorized under the enhanced sentencing statute.

Our dissenting colleagues believe that the court, instead of imposing the enhanced sentence authorized for a persistent felony offender, should have imposed a sentence authorized for a second felony offender. They are concerned that the minimum term of imprisonment authorized under the enhanced sentencing provision of Penal Law § 70.10 (2), which is 15 years to life, represents a dramatic and severe increase over the maximum term of imprisonment authorized for a second felony offender, which is 2 to 4 years. While the chasm between these two sentencing statutes may appear to be unnecessarily wide, we disagree with the dissent's conclusion that the court's sentencing of the defendant to the enhanced penalty authorized for persistent felony offenders constituted an improvident exercise of discretion or rendered the sentence "unduly harsh or severe" (CPL 470.15 [6] [b]). It is the function of the legislature, not the courts, to remedy any statutory inequity or inconsistency. We do not believe, therefore, that there is any reason for this Court to disturb the sentencing court's exercise of discretion and reduce the sentence.

The defendant's sentence, which was the minimum authorized enhanced sentence (*see* Penal Law §§ 70.00 [2] [a]; [3] [a] [i]; 70.10 [2]), was not excessive (*see* CPL 470.15 [2] [c]; [6] [b]; 470.20 [6]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Eng, and Sgroi, JJ., concur.

Balkin, J., concurs in part and dissents in part, and votes to modify the judgment, as a matter of discretion in the interest of justice, by reducing the sentence imposed to an indeterminate term of imprisonment of 2 to 4 years, and otherwise affirm the judgment, with the following memorandum, in which Chambers, J., concurs.

I agree that the defendant's conviction should be left undisturbed, but I would reduce his sentence as a matter of discretion in the interest of justice. Therefore, I respectfully dissent from so much of the order as affirms the sentence.

Sentencing is primarily a matter addressed to the discretion of the sentencing court, but we have the power to reduce sentences that we find, in the exercise of our own discretion, to be "unduly harsh or severe" (CPL 470.15 [6] [b]; *see People v Rivera*, 5 NY3d 61, 68 [2005], *cert denied* 546 US 984 [2005]; *People v Miles*, 173 App Div 179, 183 [1916]). That power to substitute our discretion for that of the sentencing court, even when the sentencing court has not abused its discretion (*see*

*People v Suitte*, 90 AD2d 80, 85-86 [1982]), extends to whether a sentencing court appropriately exercised its discretion to impose a sentence authorized for the commission of a class A-I felony on a persistent felony offender. Indeed, as the Court of Appeals has recognized, the Appellate Division "can and should mitigate inappropriately severe applications of the [persistent felony offender] statute" (*People v Rivera*, 5 NY3d at 68). We have done so, sparingly (*see e.g. People v Velazquez*, 58 AD3d 646 [2009]; *People v Greene*, 57 AD3d 1004, 1006 [2008]; *People v Truesdale*, 44 AD3d 971, 972 [2007]; *People v Friday*, 114 AD2d 970, 972 [1985]).

It is plain that the defendant, who has many convictions, is a career criminal; the court correctly found that he was a persistent felony offender (*see* Penal Law § 70.10 [1] [a]). But, it is just as plain that the defendant is nonviolent; none of his many convictions was for acts involving any level of violence. All have been misdemeanors or low-level felonies for property crimes. The defendant's current felony convictions are for the class E nonviolent felonies of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree. The court could have sentenced the defendant under Penal Law § 70.06 (3) (e) and (4) (b) to a maximum sentence of an indeterminate term of 2 to 4 years' imprisonment (*see* Penal Law § 70.10 [2]). When the court determined, instead, to impose a sentence authorized for the commission of a class A-I felony (*see* Penal Law § 70.10 [2]), however, the range jumped dramatically: the minimum term beyond that 2-to-4-year indeterminate term became an indeterminate prison term of 15 years to life, which the court actually imposed; there is nothing in between.

The unreasonableness of this gap is illustrated by the ironic fact that, were the defendant a persistent *violent* felony offender convicted of a class E violent felony offense, the *maximum* permissible term would be an indeterminate term of four years to life (*see People v Tolbert*, 93 NY2d 86, 88 [1999]; William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 60.00 at 85). I note that a significant gap between the maximum permissible terms authorized under Penal Law § 70.06 (3) and (4) and the 15-years-to-life minimum permissible term authorized under Penal Law § 70.06 (2) also exists, but to a progressively diminishing extent, in the case of persistent felony offenders convicted of class D or C nonviolent offenses (*see* Penal Law § 70.06 [3] [c], [d]).

Without legislative attention to this chasm, courts will continue to choose between the 2-to-4-year maximum they may see as inadequate and the 15-years-to-life minimum they may

see as draconian. The public is not well served by imposition of too-lenient or too-harsh sentences. Here, in light of the defendant's criminal history, including his current crime, I conclude that his sentence to a term of 15 years to life is unduly harsh, and I would reduce it, as a matter of discretion in the interest of justice, to an indeterminate term of imprisonment of 2 to 4 years.