Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered November 25, 2009, convicting him of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon *1062 reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The court providently exercised its discretion in granting the People’s application to amend the indictment to change the description of the property stolen from “credit cards” to “a credit card or debit card” (see CPL 200.70; People v Spann, 56 NY2d 469, 472-473 [1982]). Contrary to the defendant’s contentions, the amendment of the indictment did not improperly change the prosecution’s theory of the case (see People v Lyons, 60 AD3d 869 [2009]; cf. People v Hong Wu, 81 AD3d 849, 850 [2011]; People v Powell, 153 AD2d 54 [1989]).
Further, having adjudicated the defendant as a persistent felony offender, the court providently exercised its discretion in imposing the enhanced sentence authorized by Penal Law § 70.10 (2) (see People v Mason, 277 AD2d 170 [2000]; People v Thomas, 255 AD2d 468 [1998]). The legislature has defined a “persistent felony offender” as a person convicted of a felony after having previously been convicted of two or more qualifying felonies (Penal Law § 70.10 [1]). At sentencing, a court has the discretion to impose the enhanced penalties of the statute, upon consideration of the history and character of the defendant, the nature and circumstances of the crime, and the interests of the public (see Penal Law § 70.10 [2]; People v Anderson, 94 AD3d 1010, 1013 [2012], lv denied 19 NY3d 956 [2012]; People v Ramos, 45 AD3d 702, 703 [2007]; People v Stevens, 45 AD3d 610, 611 [2007]).
Here, the court considered the proper statutory criteria, and there was an ample basis from which to conclude that the enhanced sentence authorized for persistent felony offenders was appropriate. The defendant had nine prior felony convictions over the course of more than two decades. The defendant’s prior felony convictions were primarily for criminal mischief, criminal possession of stolen property, and grand larceny, similar to the offenses of which he was convicted here. As such, he is the very definition of a recidivist, “who commits the same type of crime over and over, and after serving each term, reverts to the same criminal behavior” (People v Jennings, 33 AD3d 378, 379 [2006]; see Matter of Roballo v Smith, 99 AD2d 5 [1984], affd 63 NY2d 485 [1984]). In addition, the defendant refused to be interviewed as part of his presentence investigation, expressed no remorse for his conduct, and failed to display any willingness to rehabilitate himself (see People v Batista, 235 AD2d 631, 632-633 [1997]). The court, upon determining that the enhanced sentence authorized by Penal *1063 Law § 70.10 (2) was appropriate, imposed the minimum sentence authorized under the enhanced sentencing statute.
Our dissenting colleagues believe that the court, instead of imposing the enhanced sentence authorized for a persistent felony offender, should have imposed a sentence authorized for a second felony offender. They are concerned that the minimum term of imprisonment authorized under the enhanced sentencing provision of Penal Law § 70.10 (2), which is 15 years to life, represents a dramatic and severe increase over the maximum term of imprisonment authorized for a second felony offender, which is 2 to 4 years. While the chasm between these two sentencing statutes may appear to be unnecessarily wide, we disagree with the dissent’s conclusion that the court’s sentencing of the defendant to the enhanced penalty authorized for persistent felony offenders constituted an improvident exercise of discretion or rendered the sentence “unduly harsh or severe” (CPL 470.15 [6] [b]). It is the function of the legislature, not the courts, to remedy any statutory inequity or inconsistency. We do not believe, therefore, that there is any reason for this Court to disturb the sentencing court’s exercise of discretion and reduce the sentence.
The defendant’s sentence, which was the minimum authorized enhanced sentence (see Penal Law §§ 70.00 [2] [a]; [3] [a] [i]; 70.10 [2]), was not excessive (see CPL 470.15 [2] [c]; [6] [b]; 470.20 [6]; People v Thompson, 60 NY2d 513, 519 [1983]; People v Suitte, 90 AD2d 80 [1982]). Dillon, J.E, Eng, and Sgroi, JJ., concur.