## Fourth Department, January, 1977

### (January 14, 1977)

■   The People of the State of New York, Respondent, v Robert William McLaughlin, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, born on April 23, 1957, was indicted for murder, second degree, a class A-I felony, criminal possession of a weapon in the fourth degree and unauthorized use of a motor vehicle, all alleged to have been committed on September 17, 1974. Proceedings were suspended during the course of a *Huntley* hearing and defendant, represented by counsel, after the court had complied with all the statutory requirements and constitutional safeguards, entered a plea of guilty to manslaughter first degree, a class B felony, and was sentenced to a minimum of 5 years and a maximum of 18 years. The court had previously ordered a psychiatric examination pursuant to CPL article 730, but upon entry of the plea of guilty defendant withdrew his motion for such examination. Upon appeal from the judgment of conviction defendant contends that the preclusion from youthful offender consideration under the provisions of CPL 720.10 (subd 2), of any youth who, like defendant, has been indicted for a class A-I or A-II felony constitutes a classification which is both arbitrary and capricious, and therefore violative of the due process and equal protection clauses of the New York and Federal Constitutions. He further urges that his conviction should be vacated because the trial court, after ordering a psychiatric examination, accepted a plea of guilty without first resolving the issue of defendant's competency, thus violating his rights to due process and his statutory rights under CPL article 730. The Court of Appeals has recently held in *People v Drummond* and other cases considered therewith (40 NY2d 990) that, "the limitations in CPL 720.10 conditioning eligibility for youthful offender treatment on the highest count of the indictment violate due process of law, and to that extent are declared unconstitutional." However, in *Drummond* as in this case, the issue of the invalidity of the youthful offender statute was never raised by defendant at any stage of the proceedings until the appeal was pending in the Appellate Division. In that circumstance the court held that the contention of invalidity was waived. As to the failure of

the court to order the completion of the psychiatric examination under CPL article 730, the motion by defendant for such examination was specifically withdrawn by defendant at the time of his entry of a plea of guilty. The court did have before it the report of a presentence psychiatric examination of defendant which, while it referred to defendant as having a personality disorder, described defendant as "an alert, oriented, cooperative young man who was rational, coherent and in contact with reality through [his] examination." The record demonstrates no basis for reversing the judgment of conviction entered upon defendant's bargained plea. (Appeal from judgment of Onondaga County Court—manslaughter, first degree.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.