THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
CHRISTOPHER O'NEILL, Appellant.

Second Department, April 26, 1982

**APPEARANCES OF COUNSEL**

*William E. Hellerstein* (*Paula P. Smith* of counsel), for appellant.

*Elizabeth Holtzman, District Attorney* (*Michael Halberstam* and *Jonathan L. Glaser* of counsel), for respondent.

**OPINION OF THE COURT**

GIBBONS, J. P.

The question presented for resolution on this appeal is whether the fact alone that, in the commission of an armed felony, the defendant uses a starter pistol, incapable of inflicting harm, can provide the requisite "mitigating circumstances that bear directly upon the manner in which the crime was committed", so as to permit the court to consider the youth eligible for youthful offender treatment under CPL 720.10 (subd 3, par [i])? We hold that it does not.

On September 10, 1979 defendant, then 16 years of age, and three other young men approached Salvador Gonzalez and Reginald Woolard in the street. Defendant produced a

handgun, placed it against Mr. Gonzalez' ribs and threatened Gonzalez and Woolard by saying that if they moved, he would blow their heads off. One of his confederates then removed a silver medallion and chain from Mr. Woolard's neck. Shortly after defendant and his confederates had fled from the scene of the robbery, defendant was apprehended by the police, identified by his victims and placed under arrest. While in flight the arresting officer had seen the defendant place the gun in a garbage can. The weapon, although appearing to resemble a real gun, proved to be a starter pistol incapable of discharging a bullet.

The defendant was indicted for robbery in the second degree (two counts), attempted robbery in the second degree (two counts) and criminal possession of a weapon in the fourth degree.

As a result of plea bargaining, defendant pleaded guilty to attempted robbery in the second degree in satisfaction of the indictment, with an understanding of the court's promise that an indeterminate sentence of one to three years would be imposed "unless mitigating circumstances are found".

On September 29, 1980 the court stated that it could find no mitigating circumstances bearing on the manner in which the crime was committed and sentenced defendant to an indeterminate sentence of one to three years. Defendant claims that, in view of his prior clean record and the recommendation of the Probation Department that he be sentenced to probation and afforded youthful offender treatment, the court at Criminal Term abused its discretion in imposing an indeterminate sentence of imprisonment.

Attempted robbery in the second degree is defined as a class D violent felony offense under subdivision (c) of section 70.02 of the Penal Law and as an "armed felony" under CPL 1.20 (subd 41, par [b]) which includes, as an element, the "display of what appears to be a pistol, revolver * * * or other firearm".

The crime of attempted robbery in the second degree is also an "armed felony" within the meaning of CPL 720.10 (subd 3, par [i]) under which youthful offender treatment

may be afforded to an eligible youth *provided* "mitigating circumstances that bear directly upon the manner in which the crime was committed" are found. The use of a starter pistol from which a bullet cannot be fired provides the substantive basis for a conviction of attempted robbery in the second degree, where the perpetrator "[d]isplays what appears to be a pistol, revolver * * * or other firearm" (Penal Law, § 160.10, subd 2, par [b]). However, there is no merit to defendant's claim that the requisite mitigation to permit the court to grant youthful offender treatment in such case can be found in the fact that the gun utilized in the robbery was incapable of discharging a bullet and that no serious physical harm was caused. The manifest purpose of the statute was that, although criminal liability of a lesser degree should attach to the display of what appears to be a firearm during the course of a robbery, such a display cannot, at the same time, be a "mitigating circumstance" that bears upon the manner in which the crime was committed.

If mitigating circumstances could thus be established, then every conviction of robbery in the second degree by an "eligible youth" using a toy gun would automatically permit a sentencing court to grant youthful offender treatment. It was not the intent of the Legislature to create such exception in the statute.

The mitigating circumstances that bear directly upon the manner in which the crime was committed was intended by the Legislature to include facts which would tend to diminish the defendant's culpability and alleviate his guilt.

Unlike the mitigating facts present in *People v Davis* (81 AD2d 510, 511), where youthful offender treatment was granted in a case involving an accidental shooting of a 12-year-old boy in the course of a game where the court described the defendant's conduct as "hasty and thoughtless, rather than intentional or calculated", the defendant, in the instant matter, was in possession of the weapon which he placed against one of his victim's ribs and uttered a dire threat of death. This criminal conduct was not accidently committed during a game but was an act motivated by a desire to steal by the use of force.

The issue of the alleged unconstitutionality of the youthful offender statute (CPL 720.10) was never raised by defendant at any stage of the proceedings until the instant appeal. Under such circumstances, that contention is deemed waived (*People v Drummond,* 40 NY2d 990; *People v McLaughlin,* 55 AD2d 1000; *People v Green,* 75 AD2d 625, 626).

The judgment must be affirmed.

WEINSTEIN, BRACKEN and BOYERS, JJ., concur.

Judgment of the Supreme Court, Kings County, rendered September 29, 1980, affirmed.

This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5).