■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID TODD, True Name FREDERICK E. MONROE, Appellant.— Judgment, Supreme Court, New York County (George Roberts, J., at resentence; Leon Becker, J., at plea and sentence), rendered on November 8, 1989, convicting defendant on his plea of guilty of assault in the first degree and robbery in the first degree, and sentencing him to concurrent indeterminate terms of 1½ to 4½ years and 2 to 6 years, respectively, to run consecutively with a sentence imposed in Queens County on September 6, 1988 unanimously affirmed.

Defendant pleaded guilty to robbery in Queens County, but was released and failed to appear for sentencing. He subsequently pleaded guilty to assault and robbery in New York County in exchange for a promised sentence of two concurrent terms of 4 to 12 years, concurrent with the sentence to be imposed in Queens County, to be pronounced after defendant was sentenced in Queens County. Despite the latter promise, defendant was sentenced in New York County first. When he subsequently appeared for sentencing in Queens County, a sentence consecutive to the New York County sentence was imposed. On August 25, 1988, the defendant filed a motion to vacate the sentence, pursuant to CPL 440.20, claiming that he did not receive the promised sentence because he was sentenced before and not after the Queens County sentence. The motion was granted, by Justice Roberts and the sentence was vacated. The resentencing Court gave defendant the option to

withdraw his plea or be resentenced. The defendant chose not to withdraw his plea, and was resentenced to the minimum time allowed, with the New York and Queens County sentences to run consecutively.

Defendant appeals the resentence which included consecutive sentences, claiming he still had not received that portion of the originally promised sentence of concurrent sentences.

The defendant was properly sentenced to consecutive sentences pursuant to Penal Law § 70.25 (2-b) which provides that if a defendant is convicted of a violent felony offense committed while released on his own recognizance, but committed prior to the imposition of sentence on a pending felony charge, and if an indeterminate sentence is imposed in each case, such sentences *shall run* consecutively absent any mitigating circumstances. As the Court found no such mitigating circumstances, it lawfully sentenced the defendant to consecutive terms. Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.