■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICK SMITH, Respondent.—Judgment of the Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered December 19, 1989, which convicted defendant, upon his guilty plea, of robbery in the first degree. and sentenced him to an indeterminate prison term of two to six years to run concurrently to two previously imposed consecutive sentences of two to six years and three to nine years, is unanimously reversed, on the law, and the matter remanded in accordance with the following.

On June 15, 1989, defendant pled guilty to robbery in the first degree under two separate indictments and was promised consecutive prison terms of two to six years and three to nine years. Apparently, defendant committed the second robbery after he was indicted for the first robbery. While defendant was released pending sentence on the above indictments, he committed the instant robbery. On November 16, 1989, defendant was sentenced as promised on Indictment Nos. 181/89 and 1924/89.

On November 14, 1989, defendant appeared before the Supreme Court to withdraw his not guilty plea to Indictment 6030/89. The prosecutor first stated the facts of the crime. Defendant and another person had robbed a cab driver and

stolen his cab at knifepoint. The prosecutor noted that the court was required to impose a consecutive sentence unless it found mitigation. He argued that there was no mitigation in this case and recommended a consecutive sentence of eight to twenty-four years. However, the court noted, *inter alia:* "It is the intention of this Court on the day of sentence to impose a concurrent sentence with the sentences that have already been promised to you on the theory that *mitigation can be found by an exploration of all the facts and circumstances not only of this case but of the defendant's background and the defendant's criminal record* and the fact that he was already promised to receive a sentence of five to fifteen years." (Emphasis added.)

The court then stated for the record that there was a danger that the Appellate Court would find a violation of the statute in its finding of mitigation and the imposition of a concurrent sentence. In that case, defendant would be allowed to withdraw his plea.

At sentencing, the prosecutor once again asserted that the court was precluded from imposing a concurrent sentence as a matter of law since defendant's participation in the robbery in no way conformed with the definition of mitigation in the statute. The prosecutor pointed out that defendant had placed a knife to the cabdriver's neck. Furthermore, the prosecutor argued that if the court intended to sentence defendant concurrently, the People were entitled to a hearing on the matter and to specific findings of mitigation.

We agree with these assertions of the prosecutor and find that the court's imposition of a concurrent sentence was illegal under Penal Law § 70.25 (2-b). This statute provides: "When a person is convicted of a violent felony offense committed after arraignment and while released on recognizance or bail, but committed prior to the imposition of sentence on a pending felony charge, and if an indeterminate sentence of imprisonment is imposed in each case, such sentences shall run consecutively. Provided, however, that the court may, in the interest of justice, order a sentence to run concurrently in a situation where consecutive sentences are required by this subdivision if it finds either mitigating circumstances that bear directly upon the manner in which the crime was committed or, where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution. The defendant and the district attorney shall have an opportunity to present relevant information to assist

the court in making this determination and the court may, in its discretion, conduct a hearing with respect to any issue bearing upon such determination. If the court determines that consecutive sentences should not be ordered, it shall make a statement on the record of the facts and circumstances upon which such determination is based."

The Supreme Court concluded at sentencing that this statute was inapplicable under the circumstances. The court interpreted the language of the statute as applying only to the situation in which two violent felonies are committed, but not contemplating the instant situation in which the defendant is released on bail while two violent felony charges are pending.

There is no basis in law to construe this statute as having such a limited application. The language of the statute itself suggests no such limitation. Whenever a defendant commits a violent felony offense while released on recognizance or bail pending a felony charge, he is subject to the terms of the statute. Further, the rationale for imposing a consecutive sentence applies with even more force when a person commits a third or fourth violent felony offense while released on bail.

The Supreme Court also reasoned that the statute was inapplicable because it would yield an unduly harsh sentence. While it opined that defendant was denied his constitutional right to have all of the charges adjudicated at one time, there is no right, constitutional or otherwise, to adjudication of all pending charges before one Judge, at the same time. Further, while we agree it was inadvisable to release defendant after he had already committed two violent felonies, this fact does not render the statute inapplicable.

The Supreme Court erred in imposing a concurrent sentence on the basis of its finding that section 70.25 (2-b) was inapplicable. According to the statute, the imposition of a consecutive sentence is mandatory *unless* the court makes a specific finding of mitigation.

In this regard, we note that the type of mitigation that will allow the court to impose concurrent sentences, specifically defined in the statute, is absent herein. There are no mitigating circumstances which "bear directly upon the manner in which the crime was committed". While the Supreme Court appeared to suggest the fact no one was injured was a mitigating circumstance, since injury would have subjected defendant to additional charges and punishment its absence cannot be considered a mitigating circumstance. Further, the fact that defendant was a crack addict and had no prior record did not

bear on "the manner in which the crime was committed" even indirectly. While these factors would be relevant to whether a discretionary sentence is excessive, they cannot be considered as mitigating circumstances pursuant to the language of the statute.

Additionally, the court may impose concurrent sentences pursuant to the statute if the defendant's participation in the crime was "relatively minor", where the defendant was not the sole participant in the crime. The facts established that defendant's role was quite essential and "major" in that he wielded the knife and was found sleeping in the stolen cab.

Since we find on the record herein that the concurrent sentence imposed was illegal, we remand to give defendant the option of either withdrawing his plea or accepting the disposition of a consecutive sentence pursuant to the statute. Concur—Sullivan, J. P., Carro, Ross, Asch and Smith, JJ.