■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDRE GARCIA, Respondent. [599 NYS2d 922] —Judgment, Supreme Court, New York County (Shirley Levittan, J.), rendered April 12, 1990, convicting the defendant, upon his pleas of guilty, of six counts of robbery in the first degree, attempted robbery in the first degree, robbery in the third degree and attempted robbery in the third degree and sentencing him to nine concurrent indeterminate terms of imprisonment of from 2 to 6 years, modified, on the law, to vacate the sentences imposed on the defendant's conviction of robbery in the third degree and attempted robbery in the third degree and to substitute therefor concurrent indeterminate terms of imprisonment of from 1½ to 4½ years and 1 to 3 years, respectively, and the judgment is otherwise affirmed.

After the defendant pleaded guilty to six counts of robbery in the first degree and one count each of attempted robbery in the first degree, robbery in the third degree and attempted robbery in the third degree, the prosecutor sought consecutive sentences for the first degree robberies the defendant committed while on bail. Over the People's objection, the court, finding mitigating circumstances, sentenced the defendant to

concurrent indeterminate terms of imprisonment of from 2 to 6 years on each of the nine counts.

Penal Law § 70.25 (2-b) requires the imposition of consecutive sentences for violent felonies committed by a defendant on bail unless the court, in the interest of justice, finds mitigating circumstances that "bear directly upon the manner in which the crime was committed." Although the statute requires the court to place such mitigating circumstances on the record, the sentencing decision is otherwise left to the court's discretion *(People v Farrar,* 52 NY2d 302; *People v Doleo,* 110 AD2d 524, *lv denied* 65 NY2d 979).

In sentencing the defendant to concurrent terms of imprisonment, the Supreme Court cited his youth, his minor prior criminal history, that no one was injured during the commission of the crimes, the defendant's drug problem and, most significantly, that no gun was ever displayed, as factors constituting mitigating circumstances.

The People maintain that the factors cited do not constitute "mitigating circumstances that bear directly upon the manner in which the crime was committed." In support of their contention, the People rely on this Court's decision in *People v Smith* (182 AD2d 393, *lv denied* 79 NY2d 1054), where the sentencing court's finding that the defendant's crack addiction, lack of a prior criminal record and failure to inflict injury during the commission of the crimes constituted mitigating circumstances for purposes of Penal Law § 70.25 (2-b) was rejected.

To be contrasted with the *Smith* decision, however, is this Court's decision in *People v Santiago* (181 AD2d 460, *affd* 80 NY2d 916), where it was held that "[a]bsent any error of law, the People have no right to appeal and this court may not interfere with the court's decision to impose concurrent terms *(People v Matthews,* 176 AD2d 627; *see also, People v Washington,* 175 AD2d 732, *lv denied* 78 NY2d 1082)." In *Santiago,* the defendant's youth, substance abuse and the fact that no victim was injured were found to bear directly on the manner in which the crimes were committed.

The *Santiago* Court adopted the proper interpretation of Penal Law § 70.25 (2-b). By setting forth its findings as to mitigating circumstances, the sentencing court complied with the requirements of the statute. In the absence of any error of law, this Court should not interfere with its discretion to impose concurrent terms *(People v Santiago, supra).* "Sentencing courts, in the exercise of their unique judicial function in

criminal proceedings, are wisely allocated wide latitude as they are recognized to be in a superior position to dispense proportionate and fair punishment *(People v Farrar,* 52 NY2d 302, 305-306)." *(People v Day,* 73 NY2d 208, 212.)

The challenge to the factors relied on by the sentencing court in finding mitigating circumstances must fail, as, contrary to the view expressed in *Smith,* "[t]he nature of the perpetrator and the absence of injury both bear directly on the manner in which the crimes were committed" *(People v Santiago, supra,* at 460). The circumstances intended by the Legislature to be mitigating "include facts which would tend to diminish the defendant's culpability and alleviate his guilt" *(People v O'Neill,* 86 AD2d 213, 215). The factors cited by the sentencing court herein, that no one was injured and that the defendant's actions were precipitated by his drug use, bear upon the manner in which the crimes were committed. The sentencing court in this case went further, however, when it stated that "a gun was never displayed". This finding by the court is borne out by the probation report, in which it is revealed that the victims in two of the cases said that the defendant had his hand in his waistband, in one of the cases the victim said the defendant's hand was in his pocket, and in one of the cases the victim stated that the defendant said he had a *knife.* None of them saw any weapon, a point not contested by the District Attorney. This case is to be distinguished from *People v O'Neill (supra).* In that case a handgun was not only displayed, but placed against the victim's body. It was later found to be a starter pistol, not capable of discharging a bullet. As noted, in the instant case, there was no proof of any weapon at all, but only a hand in a waistband or pocket.

The factors set forth and relied upon by the sentencing court satisfy the intent of the Legislature. In reaching our conclusion, we make no finding that the sentence imposed by the trial court, to the extent it is affirmed, was necessarily one we would have chosen. We find only that the decision to impose concurrent sentences did not, in the circumstances, violate Penal Law § 70.25 (2-b).

We modify the sentence imposed, however, to comply with the Penal Law and the promise made to the defendant at the plea proceeding. Although the court announced its intention to impose concurrent terms of imprisonment of from 1½ to 4½ years on the robbery in the third degree count and of from 1 to 3 years on the attempted robbery in the third degree count, at sentencing, it erroneously imposed concurrent 2 to 6

year sentences "on each case." The 2 to 6 year sentence for the attempted robbery in the third degree conviction was above the statutory maximum *(see,* Penal Law §§ 160.05, 110.05 [6]; § 70.00 [2] [e]), and both sentences violated the defendant's plea bargain. Accordingly, the sentence should be modified to comply with the Penal Law and the plea agreement. Concur—Murphy, P. J., Carro and Rosenberger, JJ.

Ross, J., dissents in a memorandum as follows: I dissent, and would remand the matter for resentencing in accordance with the mandate of the statute. This appeal is concerned with the nature of the mitigating circumstances which would allow a sentencing court to sentence a defendant to concurrent terms under Penal Law § 70.25 (2-b). While those circumstances are clearly defined within the statute as "mitigating circumstances that bear directly upon the manner in which the crime was committed", there is disagreement as to whether certain factors, which normally are considered in situations where sentencing is a purely discretionary matter, can be relied upon to issue concurrent sentences, in circumstances where the statute would otherwise require that consecutive sentences be imposed. Penal Law § 70.25 (2-b) provides as follows: "When a person is convicted of a violent felony offense committed after arraignment and while released on recognizance or bail, but committed prior to the imposition of sentence on a pending felony charge, and if an indeterminate sentence of imprisonment is imposed in each case, such sentences shall run consecutively. Provided, however, that the court may, in the interest of justice, order a sentence to run concurrently in a situation where consecutive sentences are required by this subdivision if it finds either mitigating circumstances that bear directly upon the manner in which the crime was committed or, where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution. * * * If the court determines that consecutive sentences should not be ordered, it shall make a statement on the record of the facts and circumstances upon which such determination is based."

Given the mandatory nature of section 70.25 (2-b) requiring that sentences imposed pursuant thereto "shall" be consecutive (McKinney's Cons Laws of NY, Book 1, Statutes § 171), and the Legislative intent (Governor's mem approving L 1982, ch 559, 1982 McKinney's Session Laws of NY, at 2618-2619, discussed *infra),* it is clear that narrow construction is required *(see generally, People v Williams,* 79 NY2d 281, 285-286

[which involved interpretation of the mitigation provision in Penal Law § 70.02 (5) (b) and language identical to Penal Law § 70.25 (2-b)]). Consequently, in this case, where the defendant pleaded guilty to nine robberies, and committed four of the nine robberies while out on bail after arrest and arraignment on the first five robberies, reversal and remand for resentencing in accordance with the statute, is required.

The facts of this case are not in dispute. Between April 14, 1989 and May 25, 1989 the defendant committed several robberies in the Washington Heights area of Northern Manhattan near the George Washington Bridge. Typically, the defendant would enter the victim's car while the car was stopped at a traffic light, display what appeared to be a pistol, demand money and then flee. On May 25, 1989, the defendant was arrested in connection with one of these robberies. As a result of that arrest defendant was charged with three counts of robbery in the first degree, and one count each of robbery in the third degree and attempted robbery in the third degree. (Indictments Nos. 5879/89, 5879A/89, 7896A/89.) On July 3, 1989 the defendant was released on bail.

On July 13, 1989 defendant was arrested again. He was charged with three counts of robbery in the first degree and one count of attempted robbery in the first degree (Indictment No. 7896/89). That indictment also charged defendant with an additional count of robbery in the first degree occurring on May 3, 1989.

On August 14, 1989 defendant pleaded guilty to all of the counts contained in the indictments numbered 5879/89, 5879A/89 and 7896/89. In all, defendant pleaded guilty to six counts of robbery in the first degree, one count of attempted robbery in the first degree, one count of robbery in the third degree and one count of attempted robbery in the third degree. He acknowledged that he was waiving all of his rights with respect to a trial and that no other promises had been made to him. The court then recounted that the promised sentences defendant was to receive in exchange for his plea were to be 2 to 6 years in prison for each first degree robbery count, 1½ to 4½ years on the third degree robbery count, and 1 to 3 years on the attempted third degree robbery count, all sentences to run concurrently. The court also informed the defendant that if he was charged with other robberies, which occurred during the same robbery spree as the crimes to which he was pleading guilty, he would receive a sentence of 2 to 6 years to run concurrently with the sentences the court was then imposing, provided that the victims were not injured

during the crimes. The court then noted that the People objected to the sentences it intended to impose and had recommended longer sentences.

When the court began factual allocution of the crimes to which defendant was pleading guilty, defense counsel informed the court that the defendant had a problem remembering the specifics of the crimes. The defendant then stated that he was a drug addict and that it was difficult for him to remember "things" that he did. However, the defendant ultimately acknowledged the facts and circumstances of the crimes to which he was pleading, including the fact that he displayed what appeared to be a gun during the robberies and attempted robberies. Ultimately, the court accepted the defendant's plea and adjourned the case for sentencing.

Prior to the sentencing date the People submitted a memorandum of law in which they argued that Penal Law § 70.25 (2-b) required that this defendant be given consecutive sentences for the crimes he committed while he was released on bail. The defendant's counsel contended that defendant's age, drug addiction, prior criminal history and the facts that none of the defendant's victims were physically injured and that no weapon was ever recovered, constituted mitigating circumstances, which would allow the court to impose concurrent sentences. While the matter was adjourned for several months to allow for a pre-sentence interview by Special Defendant Services, no such interview took place. It should be noted that the Probation Department stated in its pre-sentence report that the defendant refused to be interviewed and that his prognosis was "unfavorable".

At sentencing the court stated that it intended to sentence the defendant to concurrent prison terms as it had originally promised despite the People's objection. The court justified the sentence imposed as follows: "Defendant is 20 years old. He has only a minor prior criminal history. No one was injured. A gun was never displayed. * * * The defendant had a drug problem. This was a case where these matters took place over a relatively short period of time. He had no prior history of any sort and these were matters where I felt this probably related to his drug addiction. In view of that I found over the District Attorney's objection, which objection she will now proceed to put on the record, I am going to sentence the defendant as I had promised."

"Although the sentencing decision 'is a matter committed to the exercise of the *court's* discretion' *(People v Farrar,* 52

NY2d 302, 305), Penal Law § 70.25 (2-b) ousts the court of power to impose a concurrent sentence without a finding of mitigating circumstances upon the record." *(People v Doleo,* 110 AD2d 524, 526, *lv denied* 65 NY2d 979; *see, People v Todd,* 173 AD2d 385, 386, *lv denied* 78 NY2d 1082.) We have previously stated that the imposition of consecutive sentences is mandatory unless the court makes a specific finding of mitigation *(People v Smith,* 182 AD2d 393, 395, *lv denied* 79 NY2d 1054). The statute explicitly contrasts the word *"shall"* when directing the sentencing court to impose consecutive sentences upon a person convicted of a violent felony offense committed after arraignment, and while released on recognizance or bail, but prior to imposition of a sentence on a pending felony charge, against the permissive word *"may"* when delineating the limited circumstances under which a court is permitted to impose concurrent sentences under the same circumstances. Consequently, strict construction of its language is required (McKinney's Cons Laws of NY, Book 1, Statutes § 171; *see generally, People v Williams,* 79 NY2d 281, 285-286, *supra* [which involved interpretation of the mitigation provision in Penal Law § 70.02 (5) (b) and language identical to Penal Law § 70.25 (2-b)]).

The strict construction of the mitigation provision is required also by the legislative intent of the statute. The Governor's approval memorandum commenting on the statute states:

"The bill, which was part of my 1981 legislative program, amends the Penal Law to require that a judge impose consecutive sentences when a person commits a violent felony offense while on bail or released in his own recognizance during the pendency of a felony prosecution, and is convicted of both crimes and sentenced to indeterminate terms of imprisonment. The bill permits the sentencing judge to waive this requirement only in the presence of specific mitigating factors that bear directly on the manner in which the offense was committed.

"Existing law requires sentences of incarceration to run concurrently unless the sentencing court orders otherwise. Thus, frequently defendants do not serve an additional period of incarceration for an offense committed while on bail.

"Each year a large number of felonies are committed by defendants awaiting trial in pending felony prosecutions. According to law enforcement authorities, defendants who are aware that crimes committed while on bail rarely increase the

length of a sentence may take advantage of this phenomenon. The bill will serve as a deterrent to such action." (1982 McKinney's Session Laws of NY, at 2618-2619.)

Thus, it is clear that the intent of the amendment adding subdivision (2-b) to Penal Law § 70.25 was to require the imposition of consecutive sentences where concurrent sentences were the requirement previously and to allow concurrent sentences "only in the presence of specific mitigating factors that bear directly on the manner in which the offense was committed".

The type of mitigating circumstances that will allow the court to impose concurrent sentences are specifically defined in the statute, in language that mirrors that of the Governor's approval memorandum, as mitigating circumstances which "bear directly upon the manner in which the crime was committed". In *People v Smith* (182 AD2d 393, *supra),* we held that the fact that no one was physically injured during the commission of the crime that defendant committed while on bail could not be considered a mitigating circumstance. We stated that "since injury would have subjected defendant to additional charges and punishment its absence cannot be considered a mitigating circumstance" *(supra,* at 395). Furthermore, we held that "the fact that defendant was a crack addict and had no prior record did not bear on 'the manner in which the crime was committed' even indirectly", and that "[w]hile these factors would be relevant to whether a discretionary sentence is excessive, they cannot be considered as mitigating circumstances pursuant to the language of the statute" *(supra,* at 395-396).

Moreover, it is clear that the failure to display "an actual gun" should not be considered a mitigating circumstance which bears directly upon the manner in which the crime was committed *(People v O'Neill,* 86 AD2d 213, 215). While the sentencing court and the defendant in this case made much of the fact that no gun was ever recovered, that fact does not diminish defendant's culpability, where he admitted at the plea proceeding that he displayed what appeared to be a gun during the robberies he committed while out on bail.

In *People v O'Neill (supra),* the Second Department interpreted CPL 720.10 (3) (i), which provides that Youthful Offender status may be afforded to an eligible youth where "mitigating circumstances that bear directly upon the manner in which the crime was committed" are found. The defendant pleaded guilty to attempted robbery in the second degree as

an armed felony (Penal Law §§ 110.00, 160.10 [2] [b]). The gun that the defendant actually used was a starter pistol incapable of discharging a bullet. The Court held that there was no merit to the defendant's claim that the requisite mitigation to permit the court to grant Youthful Offender treatment was found in the facts that the weapon used was inoperable and that no physical injury was caused. The Court cogently reasoned as follows:

"The manifest purpose of the statute [CPL 720.10 (3) (i)] was that, although criminal liability of a lesser degree should attach to the display of what appears to be a firearm during the course of a robbery, such a display cannot, at the same time, be a 'mitigating circumstance' that bears upon the manner in which the crime was committed.

"If mitigating circumstances could thus be established, then every conviction of robbery in the second degree by an 'eligible youth' using a toy gun would automatically permit a sentencing court to grant youthful offender treatment. It was not the intent of the Legislature to create such exception in the statute." (86 AD2d, *supra,* at 215.)

In this writer's opinion the application of the mitigating circumstances provision of Penal Law § 70.25 (2-b) should comport with the plain words of the statute, the legislative intent, and the prior interpretation of the same language as used in other statutes by the Courts *(e.g., People v Williams, supra; People v O'Neill, supra).* The correct interpretation of the mitigation provision of Penal Law § 70.25 (2-b) was expressed by the unanimous bench in *People v Smith (supra),* and by the dissent in *People v Santiago* (181 AD2d 460, 461-463, *affd on other grounds* 80 NY2d 916).

In *People v Santiago (supra),* the defendant pleaded guilty to robbery in the first degree in full satisfaction of the crimes charged in four separate indictments. At sentencing the People objected to the plea bargain arrangement on the ground that since the defendant had been out on bail at the time he committed the fourth robbery to which he pleaded guilty, it was required that he be sentenced consecutively as to that offense. The trial court apparently held defendant's youth, lack of a serious criminal history and the fact that no one had been injured during the commission of his offenses, to be mitigating factors and adhered to the sentence promised on the taking of defendant's plea. This Court affirmed with two Justices dissenting.

In affirming, the majority stated that "[t]he nature of the

perpetrator and the absence of injury both bear directly on the manner in which the crimes were committed *(see, People v Maryea,* 157 AD2d 605, *lv denied* 76 NY2d 792)." *(Supra,* at 460.) The dissent correctly noted that while those factors may be relevant in a case where sentence reduction is a discretionary matter *(see, e.g., People v Maryea, supra; People v Spencer,* 144 AD2d 310, *lv denied* 73 NY2d 983; *People v Aguila,* 121 AD2d 888, *lv denied* 68 NY2d 809), they do not justify deviation from the plain and strict language of Penal Law § 70.25 (2-b). The dissent correctly pointed out that *People v Maryea (supra)* was a discretionary sentence reduction case in which no issue of mitigating circumstances under Penal Law § 70.25 (2-b) was involved. Moreover, as the majority in the later decided case of *People v Smith (supra)* reiterated, the dissent stated that "the absence of an aggravating circumstance [i.e., an injury] hardly constitutes a mitigating factor" (181 AD2d, *supra,* at 462).

In my view, the Court in *People v O'Neill (supra,* at 215) interpreted the mitigating circumstances language correctly, stating that "[t]he mitigating circumstances that bear directly upon the manner in which the crime was committed was intended by the Legislature to include facts which would tend to diminish the defendant's culpability and alleviate his guilt." An example of such mitigating circumstances is presented by *People v Davis* (81 AD2d 510). There Youthful Offender status was granted in a case involving an accidental shooting of a 12-year-old boy in the course of a game. The Court described the defendant's conduct as "hasty and thoughtless, rather than intentional or calculated" *(supra,* at 511).

In the case at bar no mitigating circumstances, that bear directly upon the manner in which the defendant committed crimes while out on bail, are present. The record plainly demonstrates that the string of crimes committed while defendant was out on bail were premeditated and no different from those committed previously. Perhaps if defendant had committed a single robbery while out on bail it would be easier to find the proper mitigating circumstances. However, here the record shows that the defendant merely resumed the robbery spree interrupted by his arrest and committed four additional criminal acts in essentially the same manner as the first five. The mandate of the statute "ought to be applied as it is, not as it might be if individual judicial preferences were accommodated" *(People v Madera,* 189 AD2d 462, 466). The defendant's

sentence should be vacated and the matter remanded for resentencing.

It should be noted that the sentencing court, in addition to erroneously imposing concurrent sentences, failed to sentence the defendant in accordance with the terms promised at the plea proceeding. Originally the defendant was promised sentences of from 1½ to 4½ years on the third degree robbery count and from 1 to 3 years on the attempted robbery in the third degree count. At sentencing the court erroneously imposed concurrent 2 to 6 year terms on each count. I agree that the sentence of 2 to 6 years for attempted robbery in the third degree was above the statutory maximum (Penal Law §§ 160.05, 110.05 [6]; § 70.00 [2] [e]). Furthermore, both sentences violated the defendant's plea bargain.

Therefore, the judgment of Supreme Court, New York County (Shirley Levittan, J.), rendered April 12, 1990 by which defendant was convicted upon pleas of guilty of six counts of robbery in the first degree, attempted robbery in the first degree, robbery in the third degree and attempted robbery in the third degree, and sentenced to nine concurrent terms of from 2 to 6 years in prison, should be reversed insofar as to vacate the sentence imposed, and the matter should be remanded for resentencing.