■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY RODRIGUEZ, Appellant. [614 NYS2d 116] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered January 8, 1993, convicting defendant, upon his guilty plea, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 2½ to 5 years consecutive to a term of 3½ to 7 years previously imposed on a conviction of criminal possession of a weapon in the third degree, unanimously modified, on the law, to the extent of adjudicating defendant a second felony offender, and otherwise affirmed.

As the District Attorney concedes, defendant's record did not support adjudication as a second violent felony offender since he committed the instant offense before he was sentenced on the violent felony upon which the trial court relied to adjudicate him a second violent felon (Penal Law § 70.04). Nonetheless, sentence reduction is not warranted in this situation as the sentence was consented to, the sentence imposed is within the limits of a second nonviolent felony offense *(People v Benton,* 196 AD2d 755, *lv denied* 82 NY2d 891) and the record does not support defendant's contention that he accepted the negotiated plea in exchange for the minimum sentence allowable regardless of his status.

Nor do we find merit in defendant's contention that his sentence should be modified to run concurrent with the sentence he received on a prior violent felony (Penal Law § 70.25 [2-b]), his involvement in the instant situation not being so minor as to qualify as a mitigating circumstance *(see, People v Smith,* 182 AD2d 393, *lv denied* 79 NY2d 1054). Concur— Murphy, P. J., Carro, Wallach, Asch and Tom, JJ.