OPINION OF THE COURT
 

 Bellacosa, J.
 

 The issue on this appeal involves the meaning and application of the "mitigating circumstance[ ]” sentencing authorization in Penal Law § 70.25 (2-b). Specifically, we must decide whether the trial court appropriately exercised its narrow statutorily invested discretion in imposing a concurrent rather than consecutive sentence for a violent felony crime committed while defendant was free on bail. We conclude that the
 
 *339
 
 concurrent rather than consecutive sentence in the circumstances of this case is warranted and should be sustained. Thus, we affirm the order of the Appellate Division.
 

 Penal Law § 70.25 (2-b) requires that:
 

 ”[w]hen a person is convicted of a violent felony offense committed after arraignment and while released on recognizance or bail, * * * such sentences shall run consecutively. Provided, however, that the court may, in the interest of justice, order a sentence to run concurrently * * *
 
 if it finds
 
 * * *
 
 mitigating circumstances that bear directly upon the manner in which the crime was commit
 
 ted” (emphasis added).
 

 The trial court considered the absence of injury to others and nondisplay of a weapon as mitigating factors within the meaning of Penal Law § 70.25 (2-b), in addition to the defendant’s age, prior criminal history and drug addiction. We are satisfied that defendant’s failure to injure others and to display a weapon bear directly on defendant’s manner in committing the crime, the governing statutory phrase of art. These elements, therefore, constitute permissible mitigatory circumstances under Penal Law § 70.25 (2-b) with respect to which the trial court could bypass the mandatory consecutive sentencing regime. While the statute limits the historically wide latitude invested in sentencing courts
 
 (see, People v Farrar,
 
 52 NY2d 302, 306), it correspondingly incorporates a discretionary exception, reflecting the Legislature’s counterweight to any absolute removal of judicial sentencing power
 
 (cf, People v Thompson,
 
 83 NY2d 477).
 

 This case arises on a People’s appeal, pursuant to permission granted by a dissenting Justice at the Appellate Division, from that Court’s order (195 AD2d 253). The Appellate Division modified, on the law, a judgment of Supreme Court, New York County, convicting defendant, upon his guilty pleas, of multiple robbery counts. He was sentenced to concurrent indeterminate terms on nine felony counts. The Appellate Division modified as to another sentencing aspect, not raised on or relevant to this appeal, and otherwise affirmed the judgment. Only the affirmance of the legality of the sentence is before us, insofar as the Appellate Division recognized and endorsed the trial court’s exercise of concurrent sentence discretionary power.
 

 Between April 14, 1989 and May 25, 1989, defendant com
 
 *340
 
 mitted several robberies, for which he was arrested on May 25, 1989 and charged. On July 12, 1989, while free on bail, defendant committed another series of robberies and was charged with additional felony counts. On August 14, 1989, the defendant pleaded guilty in satisfaction of multiple robbery counts, respectively, from the first spree and during the bail period. The People pressed for consecutive sentences pursuant to Penal Law § 70.25 (2-b), pointing to the additional first degree robberies defendant committed while he was free on bail.
 

 Over the People’s objection, the trial court found mitigating circumstances and sentenced defendant to concurrent indeterminate terms of imprisonment. The trial court relied on: (1) defendant’s youth; (2) his minor prior criminal history; (3) defendant’s drug abuse problem; (4) the absence of injury to others; and (5) the fact that no gun was displayed during the commission of the July robberies.
 

 In its affirmance, the Appellate Division stated that the mitigating "factors set forth and relied upon by the sentencing court satisf[ied] the intent of the Legislature” as embodied in Penal Law § 70.25 (2-b) (195 AD2d 253, 255,
 
 supra).
 
 Justice Ross dissented in part and voted to remand for mandatory consecutive sentencing.
 

 The People’s appeal challenges only the Appellate Division’s affirmance of the trial court’s ruling that a concurrent sentence was authorized under the circumstances of this case. Picking up on the dissent
 
 (id.,
 
 at 262), the People argue that none of the factors relied on by the sentencing court — defendant’s age, prior criminal history, drug abuse problem, absence of injury to others and nondisplay of a gun — constitutes a "mitigating circumstance * * * bearing] directly upon the manner in which the crime was committed” (Penal Law § 70.25 [2-b]). The People, relying on
 
 People v O’Neill
 
 (86 AD2d 213, 215), contend that mitigating factors are limited only to those which diminish defendant’s culpability and alleviate guilt.
 

 Defendant counters that the trial court’s consideration of lack of injury to others and lack of actual display of a gun are mitigating factors within the legislatively authorized test that allows for concurrent sentencing. Further, defendant contends that so long as
 
 some
 
 mitigating circumstance exists, the trial court’s consideration of other nonqualifying factors is not an abuse of sentencing discretion.
 

 
 *341
 
 Penal Law §70.25 (2-b) was designed to circumscribe sentencing discretion, not eliminate it entirely. A sentencing court is authorized to sidestep the consecutive sentencing stricture and impose concurrent sentences, if it finds "mitigating circumstances that
 
 bear directly upon the manner in which the crime was committed”
 
 (Penal Law § 70.25 [2-b] [emphasis added]). The statute does not elaborate on the operative qualifying phrase.
 

 Legislative history provides scant guidance in this regard. In enacting the consecutive sentencing mandate of Penal Law § 70.25 (2-b), the Legislature plainly sought to combat violent criminal activity by requiring longer and stricter sentences for additional violent felonies committed while a felon was allowed to be free on recognizance or bail (Governor’s Mem approving L 1982, ch 559, 1982 McKinney’s Session Laws of NY, at 2618-2619;
 
 see, People v Williams,
 
 79 NY2d 281, 285). To exert an effective deterrent, the Legislature saw fit to add this limitation, among others, on the flexibility of sentencing courts
 
 (see,
 
 Governor’s Mem approving L 1982, ch 559,
 
 op. cit,
 
 at 2618). Yet, the Legislature also expressly refrained from removing all discretion
 
 (see,
 
 Penal Law § 70.25 [2-b]). Therefore, while we may not interpret the statute in a way that would eviscerate or contradict the legislative intent
 
 (see, People v Williams, supra,
 
 at 285-286), neither should we read it to create a virtual per se consecutive sentencing regime that would diminish the statute’s explicit authorization for some leeway.
 

 Notably, the statutory language does not create, and the legislative history does not suggest, a litany of prescribed or disallowed criteria
 
 (compare,
 
 CPL 170.40,
 
 and
 
 210.40). As a matter of prudent statutory interpretation, especially in this field of traditionally broad sentencing discretion, this Court should not erect its own restrictive regime when the Legislature eschewed that course of dealing. Mitigation is qualified only by the general phrase "circumstances that bear directly upon the manner in which the crime was committed.” The People urge this Court in this respect to adopt an interpretation of the statute which is much more restrictive than its plain language dictates and which would allow mitigation only in the presence of factors which "would tend to diminish the defendant’s culpability and alleviate his guilt”
 
 (see, People v O’Neill,
 
 86 AD2d 213, 215,
 
 supra).
 
 We reject that approach because, to interpret the statute in such a manner, would
 
 *342
 
 contravene the statute’s plain meaning and constrict the very discretion that the Legislature chose to leave with sentencing courts.
 

 This Court has addressed the mitigation issue in the context of interpreting a similarly worded exception to the handgun possession sentencing mandate (Penal Law § 70.02 [5] [b];
 
 People v Williams,
 
 79 NY2d 281,
 
 supra).
 
 That case is instructive. It involved the application of Penal Law § 70.02 (5) (b), which allows a less severe sentence to be imposed on a defendant convicted of possession of a handgun, if the court finds "mitigating circumstances that bear directly upon the manner in which the crime was committed” (Penal Law § 70.02 [5] [b] [i];
 
 People v Williams, supra,
 
 at 284-286). In
 
 Williams,
 
 we vacated the trial court’s sentence because it relied on factors not "relate[d] to defendant’s conduct in committing the crime”
 
 (id.,
 
 at 286). This Court disagreed with the trial court’s finding that conduct by the law enforcement personnel in effecting the arrest qualified as a mitigating circumstance
 
 (id.).
 
 We provided some boundaries for the clause "mitigating circumstances that bear directly upon the manner in which the crime was committed.” Factors "directly” flowing from and relating to defendant’s personal conduct while committing the crime qualify
 
 (see, People v Williams,
 
 79 NY2d 281,
 
 supra; see also, People v Felix,
 
 58 NY2d 156, 164).
 

 Applying the statute’s plain words and the reasoning in
 
 Williams
 
 in the instant case, we conclude that the lower courts properly considered lack of injury to others and nondisplay of a weapon as qualifying mitigating circumstances under Penal Law § 70.25 (2-b), because these factors bear directly on defendant’s personal conduct in committing the crime
 
 (see, People v Williams, supra,
 
 at 286).
 

 We note, however, that, generally, defendant’s age, background, criminal history and drug habit do not pertain to defendant’s direct manner in the commission of the crime. Therefore, these factors were not appropriate to the "mitigating circumstances” analysis and application under Penal Law § 70.25 (2-b)
 
 (see, People v Williams, supra; see also, People v Felix, supra,
 
 at 164). To the extent that People v Smith has been read for the proposition that lack of injury to others is nonmitigatory (182 AD2d 393, 395-396,
 
 Iv denied
 
 79 NY2d 1054), and to the extent that
 
 People v Santiago
 
 held the "nature of the perpetrator” (i.e., age and drug addiction) to be
 
 *343
 
 mitigatory under Penal Law § 70.25 (2-b) (181 AD2d 460, 460-461,
 
 affd on other grounds
 
 80 NY2d 916), they are no longer applicable in light of the rationale we adopt today.
 

 Moreover, in exercising its discretion under Penal Law § 70.25 (2-b), the court is not precluded from considering traditional sentencing factors once qualifying mitigatory factors are found to be present. The Governor’s memorandum accompanying the bill that enacted Penal Law § 70.25 (2-b) states:
 

 "The bill permits the sentencing judge to waive [the consecutive sentencing] requirement only
 
 in the presence of
 
 specific mitigating factors that bear directly on the manner in which the offense was committed” (Mem approving L 1982, ch 559, 1982 McKinney’s Session Laws of NY, at 2618 [emphasis added]).
 

 Consequently, the trial court’s consideration of nonmitigatory factors, as long as permissible mitigatory ones are found and reflected on the record, does not vitiate the legality of the sentencing court’s ruling. Rather, this consideration is entirely appropriate, done as part of the court’s discretionary exercise with respect to the ultimate consecutive versus concurrent sentencing decision. Thus, the People’s appeal at the Appellate Division with respect to this claimed illegality of the sentence was properly rejected.
 

 The essence of the People’s argument is that allowing lack of injury to others and nondisplay of a weapon to qualify as mitigation from the mandatory consecutive sentencing regime clashes with the overall goal of the Legislature. The People urge this Court to impose a stricter, less forgiving exception than the Legislature imposed. This argument founders against the Legislature’s explicit retention of some sentencing discretion. The Legislature did not narrow the range of allowable mitigating factors to only those which "diminish the defendant’s culpability and alleviate his [or her] guilt,” as in
 
 People v O’Neill
 
 (86 AD2d 213, 215,
 
 supra).
 
 Instead, it prescribed a general qualifying phrase for governing the exception from the mandatory consecutive sentencing command. The trial court in this case exercised a sustainable, flexible choice allowed to it by the Legislature with respect to two permissible mitigatory factors.
 

 
 *344
 
 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 Order affirmed.