■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE ALEXANDER, Appellant. THE PEOPLE OF THE STATE OF

NEW YORK, Respondent, v TYRONE ALEXANDER, Appellant. [624 NYS2d 108] —Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered September 17, 1992, convicting defendant, upon his plea of guilty under indictment 11151/91, of attempted criminal possession of a weapon in the second degree and sentencing him, as a persistent violent felony offender, to 6 years to life; and judgment, Supreme Court, Bronx County (Max Sayah, J.), rendered January 20, 1993, convicting defendant, upon his plea of guilty under indictment 9313/91, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to 8 years to life, to run consecutively to his sentence under indictment 11151/91, unanimously affirmed.

Defendant's main contention on this appeal is that the separate plea proceedings in New York and Bronx Counties were conducted in a manner which improperly foreclosed his opportunity to obtain concurrent sentences, as opposed to the consecutive minimum sentences actually imposed which aggregate 14 years instead of 8 years.

Examination of the record in both cases discloses that this contention has no merit. In the New York County proceeding, Justice Altman properly concluded that he was powerless to provide that his sentence be concurrent to some future sentence which might eventually be imposed in the Bronx. Defendant now invokes, as a matter of hindsight, the "mitigating circumstances" exception to the general rule in Penal Law § 70.25 (2-b) that "When a person is convicted of a violent felony offense committed after arraignment and while released on recognizance or bail, but committed prior to the imposition of sentence on a pending felony charge, and if an indeterminate sentence of imprisonment is imposed in each case, such sentences shall run consecutively." The exception provides that "the court may, in the interest of justice, order a sentence to run concurrently in a situation where * * * [there are] mitigating circumstances that bear directly upon the manner in which the crime was committed".

Defendant's central argument before us is that the admitted facts of his New York County offense provided a more hopeful avenue of establishing mitigating circumstances than did his Bronx conviction, a store robbery which involved the display of a shotgun and another gun. (Cf., People v Garcia, 84 NY2d 336, where consideration of such mitigating factors as failure to display a weapon or to injure others during the course of a

robbery was approved, for the purpose of delivering concurrent sentences.) Defendant has virtually conceded the propriety of the Bronx sentence. But the mitigating circumstances offered in connection with his New York County conviction (his supposed need for guns for personal protection) did not "bear directly upon the manner in which the [possessory] crime was committed", and thus fail as a matter of law to provide the predicate for a concurrent sentence.

Even were we to accept the assertion of mitigating circumstances, it is clear that defendant has waived that remedy by failing to apply for adjournment of the earlier New York County proceeding—an application which, if granted, would have preserved the remedy created by the statute, and if denied, would have preserved the argument on this appeal.

We have considered the other points raised by defendant, and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Tom, JJ.