■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VICTOR J., Respondent. [724 NYS2d 162] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), entered December 17, 1999, convicting defendant, upon his guilty plea, of course of sexual conduct against a child in the first degree and sodomy in the first degree, and endangering the welfare of a child, adjudicating him a youthful offender, and sentencing him to concurrent terms of probation, unanimously modified, on the law, the youthful offender finding and sentence vacated and the matter remanded for resentencing, and otherwise affirmed.

The sentencing court erred in adjudicating defendant a youthful offender upon a finding of mitigating circumstances, and sentencing him to probation.

The youthful offender provisions of the Criminal Procedure Law "emanate from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals" (*People v Drayton*, 39 NY2d 580, 584). The decision whether to grant youthful offender status to an eligible youth generally "lies within the sound discretion of the sentencing court" (*see, People v Cruickshank*, 105 AD2d 325, 333, *affd* 67 NY2d 625; CPL 720.20 [1]). However, that discretion does not apply to all crimes. Pursuant to CPL 720.10 (2) (a) (iii), a youth in the designated age range is *not* eligible to be found a youthful offender if his conviction is for rape in the first degree, sodomy in the first degree, or aggravated sexual abuse, *unless* the court makes a specific finding either that there were "mitigating circumstances that bear directly upon the manner in which the crime was committed," or that the defendant was not the sole participant in the crime and "defendant's participation was relatively minor." (CPL 720.10 [3].)

Here, since defendant was the sole participant in the crime of sodomy in the first degree, he was only eligible to be considered for youthful offender treatment if there were "mitigating circumstances that [bore] directly upon the manner in which the crime was committed." Defendant's showing failed to establish such mitigating circumstances.

In considering an analogous provision of Penal Law § 70.25 (2-b), which creates an exception for a consecutive sentencing requirement where the court finds "mitigating circumstances that bear directly upon the manner in which the crime was committed," it has been held that traditional sentencing factors, such as the criminal's age, background and criminal history, are "not appropriate to the 'mitigating circumstances' analysis" (*see, People v Garcia*, 84 NY2d 336, 342; *see also, People v Williams*, 79 NY2d 281, 286). Rather, the court must rely only on factors related to the defendant's conduct in committing the crime, such as a lack of injury to others or evidence that the defendant did not display a weapon during the crime (*see, People v Garcia, supra; People v Williams, supra*).

The explanation defendant provided for his criminal conduct, namely, that he himself had been sexually molested in the past, which trauma propelled him to re-enact that molestation, does not, in our view, bear on the *manner* in which the crime

was committed. Rather, it was at best something that prompted or motivated him, as a drug addict's habit may motivate him to commit robbery (*see*, *People v Garcia*, *supra* at 342-343; *see also*, *People v Alexander*, 213 AD2d 227). Therefore, it cannot constitute a mitigating circumstance as that concept is used in CPL 720.10 (3).

The sentencing court suggested that an exception to the mitigating factors analysis of *People v Garcia* (*supra*) is presented where the defendant was reenacting a personal trauma, citing *People v Cruickshank* (105 AD2d 325, *supra*). However, the *Cruickshank* case did not involve a crime for which mitigating circumstances must be found before the defendant is eligible to be considered for youthful offender treatment; its analysis was limited to whether the denial of youthful offender treatment for which the defendant was eligible constituted a sound exercise of discretion under the circumstances presented there (*id.*).

Moreover, even accepting as true the defendant's claim of his own sexual molestation, the nature of defendant's criminal conduct toward the victim here precludes finding anything of a mitigating nature in the "manner in which [his] crime was committed." His molestation of the child occurred on numerous occasions between February 1, 1995 and March 31, 1998, beginning when the child was four years old. It included defendant's forcing his penis into the child's mouth, showing the child pornography, masturbating to orgasm in front of the child and ejaculating in the child's mouth. These acts were accompanied by threats and the display of what appeared to be a real gun, in an attempt to ensure the child's continued silence and compliance. Indeed, the sentencing court appropriately described defendant's conduct as "horrible," "frightening" and "extremely serious" acts which "betrayed" the young victim's trust and left him with "permanent scars," changing the entire course of his life. Such actions require rejection of the proposition that the defendant should be treated as simply "an adolescent who exercised poor judgment."

Furthermore, since the molestation defendant purportedly suffered occurred in 1996, that is, after defendant began his criminal conduct toward the victim here, the assertion that defendant was mimicking the behavior of his own abuser would not fully account for his own conduct.

Finally, adoption of the theory that adolescent perpetrators who sexually abuse children learned their behavior through what happened to them or what they saw someone else do, creating a "psychological dynamic" directly affecting the man-

ner in which they commit their own crimes, would have the effect of removing many, if not all adolescent sexual offenders from the parameters of CPL 720.10 (2) (a) and (3), a result not warranted by legislative intent.

Because none of the factors cited by the court provide the type of mitigation required by the statute, the court acted improperly in adjudicating defendant a youthful offender. The matter must therefore be remanded. Concur—Nardelli, J. P., Mazzarelli, Andrias, Saxe and Friedman, JJ.