People v Lindsey (2018 NY Slip Op 07860)





People v Lindsey


2018 NY Slip Op 07860


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1097 KA 16-00802

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARQUAN LINDSEY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRITTNEY CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered March 22, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of stolen property in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). At sentencing, defendant sought youthful offender status. Because defendant was convicted of an armed felony (see CPL 1.20 [41] [a]; People v Quinones, 140 AD3d 1693, 1693-1694 [4th Dept 2016], lv denied 28 NY3d 935 [2016]), he was ineligible for youthful offender status unless, insofar as relevant here, the court "determine[d] that there are mitigating circumstances bearing directly upon the manner in which the crime was committed" (People v Middlebrooks, 25 NY3d 516, 519 [2015]; see CPL 720.10 [2] [a] [ii]; [3] [i]). County Court initially determined that defendant was ineligible for youthful offender status because there were no such mitigating circumstances in this case. The court further determined, in the alternative, that defendant should not be granted youthful offender status even had he been eligible.
Initially, we agree with defendant that the court erred in determining that he was ineligible for youthful offender status. Although it is well established that a defendant's lack of criminal record is not a qualifying mitigating circumstance (see People v Garcia, 84 NY2d 336, 342 [1994]; People v Victor J., 283 AD2d 205, 206 [1st Dept 2001], lv denied 96 NY2d 942 [2001]), it is equally well established that "lack of injury to others and nondisplay of a weapon [constitute] qualifying mitigating circumstances" (Garcia, 84 NY2d at 342; see People v Marquis A., 145 AD3d 61, 68-69 [3d Dept 2016]). Here, it is undisputed that defendant did not use or display the gun at issue, nor did its possession result in injury to others. Thus, there are "mitigating circumstances bearing directly upon the manner in which the crime was committed" (Middlebrooks, 25 NY3d at 519; see CPL 720.10 [3] [i]), and it follows that defendant is eligible for youthful offender status (see Marquis A., 145 AD3d at 68-69).
Notwithstanding defendant's eligibility for youthful offender status, however, we agree with the court that, considering the "broad range of factors pertinent to any youthful offender determination" (Middlebrooks, 25 NY3d at 527; see People v Cruickshank, 105 AD2d 325, 334 [3d Dept 1985], affd 67 NY2d 625 [1986]), defendant should not be afforded youthful offender status under the circumstances of this case. We therefore affirm the judgment on the alternative ground articulated by the court at sentencing (see generally People v Nicholson, 26 NY3d 813, 825-826 [2016]; People v Concepcion, 17 NY3d 192, 197-198 [2011]).
Defendant's remaining contention is unpreserved for our review (see People v Russell, [*2]133 AD3d 1199, 1200 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]), and we decline to review it as a matter of discretion in the interest of justice (see generally CPL 470.15 [3] [c]). Finally, we note that the uniform sentence and commitment sheet incorrectly indicates that defendant was "re-sentenced as a probation violator," and it must therefore be amended by striking that notation.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court