People v Hillary (2024 NY Slip Op 03143)

People v Hillary

2024 NY Slip Op 03143

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Kern, J.P., Kapnick, Gesmer, González, O'Neill Levy, JJ. 

Ind. No. 1972/16 Appeal No. 2484 Case No. 2019-1316 

[*1]The People of the State of New York, Respondent,
v
Errol Hillary, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered September 11, 2018, convicting defendant, upon his plea of guilty, of attempted murder in the second degree, and sentencing him to a term of five years, followed by five years of postrelease supervision, to run consecutively to the sentence previously imposed in connection with unrelated convictions in Westchester County, unanimously affirmed.
Defendant's challenges to the voluntariness of his plea are unpreserved, and the exception to the preservation requirement does not apply (see People v Peque, 22 NY3d 168, 182-183 [2013]). We decline to review the unpreserved claims in the interest of justice. As an alternative holding, we find that the record establishes that defendant's plea was knowing and voluntary. Contrary to defendant's contention, the court did not misstate the parameters of the sentence offered by the People to defendant. The court accurately conveyed that the People's offer of the minimum term pertained only to the incarceratory component of the sentence. The record does not support defendant's argument that the postrelease supervision component of the sentence was also to be the minimum term or that the court misinformed him that the five-year term was the minimum. Nor did the court incorrectly advise defendant that the sentence must run consecutively to the sentence imposed in Westchester County. In the absence of any finding of "mitigating circumstances," the court had no basis to order concurrent sentences in the interest of justice (Penal Law § 70.25[2-b]; see People v Garcia, 84 NY2d 336 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024