■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CONNOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered July 17, 1985, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to dismiss the indictment and to suppress identification testimony.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

In June 1984, in response to numerous complaints from residents of Wyandanch, Long Island, that their community was becoming an open drug market, a Suffolk County police officer conducted an undercover operation and investigation during which he made numerous purchases of illegal drugs from people in the area with the aid of several confidential informants. The operation ended in January 1985 and resulted in 17 arrests, all made in early January 1985. One of those arrested was the defendant Richard Connor, a New York City Department of Correction officer assigned to C-95 on Rikers Island. On June 3, 1984, in the presence of a confidential informant, the defendant sold $25 worth of cocaine to an undercover officer outside of LaRosa's Bar in Wyandanch.

After his arrest and indictment, the defendant moved to dismiss the charge on the ground that the seven-month delay between the crime and his arrest deprived him of his constitutional right to due process of law. He claimed that he had been severely prejudiced in his ability to defend himself due to the lapse of time and the fact that he and his alibi witnesses' recollections of the night in question had faded. In addition, the defendant claimed that LaRosa's Bar had closed making it tremendously difficult for him to locate any other potential witnesses. The defendant was granted a hearing pursuant to *People v Townsend* (38 AD2d 569).

At the hearing, the undercover officer testified that it was necessary to delay making arrests until his investigation was completed because in a small community such as Wyandanch, there was a likelihood that drug dealers and informants would be known to each other and the arrest of one person would risk revealing the operation and endangering the lives of the undercover officer and his informants. The defendant's witness at the hearing was the former part owner of LaRosa's Bar

who testified that she had been unable to locate any potential witnesses for the defendant.

We agree with the hearing court's conclusion that the seven-month delay between the crime and the defendant's arrest was not unreasonably lengthy, and it was not undertaken for any improper purpose, but, rather, had a good-faith basis and did not result in any demonstrable prejudice to the defendant. In fact, at trial the defendant and his witnesses testified in detail about their activities on the date in question.

The defendant's motion to suppress his in-court identification by the undercover officer as tainted by a prior suggestive precinct showup was properly denied. The officer's prearraignment viewing of the defendant on the night of his arrest was not an identification procedure but merely a confirmation that the right man had been arrested (see, People v Morales, 37 NY2d 262; People v Rubio, 118 AD2d 879).

Contrary to the defendant's contention, we find that the evidence was legally sufficient to support the guilty verdict (see, People v Contes, 60 NY2d 620), and further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We find the defendant's remaining contention that a portion of the courts' charge was erroneous is unpreserved and, in any event is without merit. Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.