■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered July 14, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant claims that he was denied due process of law as a result of the court's refusal to suppress testimony regarding a precinct showup by an undercover police officer who had purchased a quantity of crack cocaine from him during a so-called "buy and bust" operation. We disagree. The record establishes that the officer's viewing of the defendant within an hour after the undercover drug purchase "was not an identification procedure but merely a confirmation that the right man had been arrested" (*People v Connor*, 137 AD2d 701, 702; *see also, People v Morales*, 37 NY2d 262).

We also find that the trial court properly denied the defendant's request for a missing witness charge (*see, People v Kitching*, 78 NY2d 532; *People v Gonzalez*, 68 NY2d 424).

Further, we are not persuaded by the defendant's claim that the trial court improperly admitted testimony that, shortly after the undercover drug purchase, the defendant was observed handing the prerecorded buy money to a woman and that when the woman was arrested, the prerecorded money was found in her bag. "[I]t is well established that testimony which is necessary for the jury to understand the sequence of events and to avoid speculation is admissible to complete a narrative of the episode" (*People v Santiago*, 158 AD2d 629, 630). Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.