■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARIK GREENE, Appellant. [871 NYS2d 323]—

The trial court providently exercised its discretion in denying, without a hearing, the defendant's pro se motion pursuant to CPL 330.30 to set aside the verdict after investigating the defendant's claim and ascertaining that it was baseless (*see People v Rodriguez*, 100 NY2d 30 [2003]; *People v Rodriguez*, 71 NY2d 214, 218 n 1 [1988]; *People v Eley*, 31 AD3d 662 [2006]).

The defendant's contention that his right to equal protection was violated because he was charged with criminal possession of a forged instrument in the second degree (*see* Penal Law § 170.25), rather than criminal possession of a forged instrument in the third degree (*see* Penal Law § 170.20) is without merit. The law "provides the prosecutor with broad discretion to decide what crimes to charge" (*People v Urbaez*, 10 NY3d 773, 775 [2008]) and "overlapping" criminal statutes do not violate the defendant's constitutional rights (*People v Eboli*, 34 NY2d 281, 287 [1974]). Here, the "forged instrument" that the defendant allegedly possessed was a forged American Express credit card. Thus, the defendant's possession of the card fell squarely within the conduct proscribed by Penal Law § 170.25.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim that his waiver of his right to be present at conferences between the trial court and individual jurors during the voir dire was ineffective is without merit (*see People v Edwards*, 288 AD2d 320 [2001]; *People v Broadwater*, 248 AD2d 719 [1998]). His objections to portions of the trial court's instructions to the jury are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to review them in the exercise of our interest of justice jurisdiction.

To the extent the defendant claims that his trial counsel was ineffective, the record demonstrates that he was afforded

meaningful representation (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Jogie,* 51 AD3d 1038, 1039 [2008]).

The defendant's contention that the sentencing procedure adjudicating him a persistent felony offender whose "history and character . . . and the nature and circumstances of his criminal conduct" warrant extended incarceration and where "life-time supervision [of the defendant] will best serve the public interest" (Penal Law § 70.10 [2]) was unconstitutional, is unpreserved for appellate review and, in any event, is without merit (*see People v Rivera,* 5 NY3d 61 [2005], *cert denied* 546 US 984 [2005]).

However, the totality of the evidence adduced at the persistent felony offender hearing, although warranting the defendant's adjudication as a second felony offender, did not warrant his adjudication as a persistent felony offender (*see* Penal Law § 70.10 [2]). Accordingly, we reduce the sentence for criminal possession of a forged instrument in the second degree—a class D felony—to an indeterminate term of imprisonment of 3½ to 7 years, which is the maximum permissible sentence for a second felony offender convicted of that crime (*see* Penal Law § 70.06 [3] [d]; *People v Williams,* 239 AD2d 269 [1997]). Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.