■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO VELAZQUEZ, Appellant. [871 NYS2d 344]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered July 17, 2006, convicting him of burglary in the third degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing an indeterminate sentence of 15 years to life imprisonment on each count, to run concurrently with each other.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the adjudication of the defendant as a persistent felony offender, adjudicating him a second felony offender, and reducing his sentences from an indeterminate term of 15 years to life imprisonment to an indeterminate term of 3½ to 7 years of imprisonment on the count of burglary in the third degree and from an indeterminate term of 15 years to life imprisonment to an indeterminate term of 3½ to 7 years of imprisonment on the count of criminal possession of a weapon in the third degree, to run concurrently with each other.

The totality of the evidence adduced at the persistent felony offender hearing, although warranting the defendant's adjudication as a second felony offender, did not warrant his adjudication as a persistent felony offender (*see* Penal Law § 70.10 [2]; *People v Greene,* 57 AD3d 1004 [ 2008]). Accordingly, we reduce the sentences imposed for burglary in the third degree and criminal possession of a weapon in the third degree—both class D felonies—to concurrent indeterminate terms of imprisonment of 3½ to 7 years, which is the maximum permissible sentence for a second felony offender convicted of those crimes (*see* Penal Law § 70.06 [3] [d]).

The defendant's remaining contentions are without merit, do not require reversal, or need not be reached in light of our determination. Mastro, J.P., Fisher, Miller and Carni, JJ., concur.