■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELI PERRY, Appellant. [996 NYS2d 195]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Modica, J.), rendered March 23, 2012, as amended April 2, 2012, convicting him of assault in the second degree (two counts), attempted assault in the second degree (two counts), criminal possession of stolen property in the third degree (two counts), criminal possession of stolen property in the fourth degree (two counts), unauthorized use of a vehicle in the third degree, resisting arrest, criminal mischief in the fourth degree, and aggravated unlicensed operation of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree under count two of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

On February 21, 2011, the defendant attempted to evade the police during a car chase through Queens. During the chase, he twice struck the pursuing police vehicle with the stolen vehicle he was driving. After abandoning his vehicle, the defendant fled on foot from the pursuing police officers and struggled with them as they placed him under arrest.

The defendant contends that the evidence was legally insufficient to prove that either police officer involved in the vehicle chase suffered a "physical injury" (Penal Law § 10.00 [9]) as required for a conviction of assault in the second degree under

Penal Law § 120.05 (3). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we agree with the defendant that it was legally insufficient to establish, beyond a reasonable doubt, that Sergeant Aaron Klein sustained a "physical injury" within the meaning of Penal Law § 10.00 (9) as alleged in count two of the indictment. Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Sergeant Klein did not testify at trial. His medical records, which were admitted into evidence, indicated that he suffered a laceration to a finger on his right hand, with abrasions, pain, and swelling. While it is true that, to constitute physical injury, the pain caused by such a wound need not "be severe or intense to be substantial" (*People v Chiddick*, 8 NY3d 445, 447 [2007]), it must, at a minimum, cause "more than slight or trivial pain" (*id.* at 447) or, to some extent, result in the impairment of the use of the finger (*see* Penal Law § 10.00 [9]). No evidence was introduced that the injuries sustained by Sergeant Klein caused him more than trivial pain, or that the use of his finger was impaired by these injuries (*see People v Zalevsky*, 82 AD3d 1136, 1137 [2011]; *People v Baksh*, 43 AD3d 1072 [2007]; *People v Richmond*, 36 AD3d 721, 722 [2007]). Accordingly, the defendant's conviction of assault in the second degree under count two of the indictment must be vacated, and that count of the indictment must be dismissed.

However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that Officer Matthew Lewis sustained a "physical injury." Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that, contrary to the defendant's contention, the verdict of guilt as to assault in the second degree with respect to Officer Lewis was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Officer Lewis testified at trial that he "bang[ed]" or "smash[ed]" his right hand on cement pavement while trying to subdue the defendant and suffered lacerations, scrapes, bleeding, and swelling to his hand for which he received medical attention. He testified that his hand was "pretty sore" and "pretty swollen," and that he missed one week of work as a result of the injuries. Photographs of his injuries admitted into evidence showed that his hand was still swollen two weeks after the incident.

Furthermore, the verdict of guilt of attempted assault in the second degree under counts 3 and 4 of the indictment and criminal mischief in the fourth degree under count 27 of the indictment was not against the weight of the evidence (*see id.*). The fact that the defendant was acquitted of certain counts did not undermine the weight of the evidence supporting the jury's verdict of guilt in this regard (*see People v Abraham*, 22 NY3d 140 [2013]; *People v Muhammad*, 17 NY3d 532, 545 [2011]; *People v Rayam*, 94 NY2d 557 [2000]; *People v Tucker*, 55 NY2d 1, 7 [1981]).

Viewing the record as a whole, we conclude that the defendant was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentences imposed upon the convictions of assault in the second degree under count one of the indictment, as well as attempted assault in the second degree (two counts), criminal possession of stolen property in the third degree (two counts), criminal possession of stolen property in the fourth degree (two counts), unauthorized use of a vehicle in the third degree, resisting arrest, criminal mischief in the fourth degree, and aggravated unlicensed operation of a motor vehicle in the third degree were not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's remaining contention has been rendered academic in light of our determination. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.