▆ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAFANI FEWS, Appellant. [50 NYS3d 523]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harrington, J.), rendered September 13, 2013, convicting him of robbery in the third degree, assault in the third degree, sexual abuse in the third degree, criminal mischief in the fourth degree, and resisting arrest, upon a jury verdict, and sentencing him, as a persistent felony offender, to an indeterminate term of imprisonment of 15 years to life upon his conviction of robbery in the third degree, definite terms of imprisonment of one year each upon his convictions of assault in the third degree, criminal mischief in the fourth degree, and resisting arrest, and a definite term of imprisonment of 90 days upon his conviction of sexual abuse in the third degree, all sentences to run concurrently with each other.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, (1) by vacating the conviction of assault in the third degree, vacating the sentence imposed

thereon, and dismissing that count of the indictment, and (2) by vacating the adjudication of the defendant as a persistent felony offender and the sentence imposed upon his remaining convictions; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of robbery in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenges to the prosecutor's remarks during summation are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Maitland*, 136 AD3d 1058, 1058-1059 [2016]). In any event, most of the challenged remarks were either fair comment on the evidence and reasonable inferences to be drawn therefrom, or fair response to the arguments made by defense counsel in summation (*see People v Thomas*, 143 AD3d 1006, 1007 [2016]; *People v Mason*, 132 AD3d 777, 778 [2015], *lv granted* 26 NY3d 1147 [2016]; *People v Wallace*, 123 AD3d 1151, 1152 [2014]). To the extent that several of the prosecutor's remarks during summation were improper, those remarks did not deprive the defendant of a fair trial (*see People v Romero*, 7 NY3d at 912; *People v Ramrattan*, 126 AD3d 1013, 1015 [2015]; *People v Williams*, 123 AD3d 1152, 1154 [2014], *lv granted* 25 NY3d 1173 [2015]).

Nevertheless, we agree with the defendant's contention that the evidence was legally insufficient to support his conviction of assault in the third degree. While the defendant failed to preserve this challenge, we reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 621), it was legally insufficient to establish, beyond a reasonable doubt, that the complainant sustained a "physical injury" within the meaning of Penal Law § 10.00 (9). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The

record, which contains photographs that were shown to the jury depicting the complainant's injury, demonstrated that the complainant sustained a one-half inch laceration on one of her toes, which stopped bleeding before an emergency medical technician arrived at the scene. No evidence was introduced that the injury sustained by the complainant caused her more than trivial pain. The complainant's vague testimony that she was unable to wear shoes for an unspecified period of time failed to sufficiently demonstrate that the use of her foot was impaired by her injury. Accordingly, there was insufficient evidence that the complainant suffered a "physical injury" within the meaning of Penal Law § 10.00 (9) (*see People v Perry*, 122 AD3d 775, 776 [2014]; *People v Boley*, 106 AD3d 753, 753-754 [2013]; *People v Baksh*, 43 AD3d 1072 [2007]; *People v Richmond*, 36 AD3d 721, 722 [2007]; *People v Baez*, 13 AD3d 463, 464 [2004]). We therefore vacate the defendant's conviction of assault in the third degree and the sentence imposed thereon and dismiss that count of the indictment.

We also agree with the defendant that the totality of the evidence adduced at the persistent felony offender hearing, although warranting the defendant's adjudication as a second felony offender, did not warrant his adjudication as a persistent felony offender (*see* Penal Law § 70.10; CPL 400.20; *People v Velazquez*, 58 AD3d 646 [2009]; *People v Greene*, 57 AD3d 1004, 1006 [2008]; *People v Truesdale*, 44 AD3d 971, 972 [2007]; *People v Friday*, 114 AD2d 970 [1985]). In addition, in reaching its determination, the Supreme Court improperly considered a crime of which the defendant was acquitted as a basis for sentencing (*see People v Flowers*, 97 AD3d 693, 693 [2012]; *People v Harvey*, 76 AD3d 605, 606 [2010]; *People v Pacquette*, 73 AD3d 1088 [2010], *affd* 17 NY3d 87 [2011]; *People v Romero*, 71 AD3d 795, 796 [2010]). Accordingly, we vacate the adjudication of the defendant as a persistent felony offender and the sentence imposed upon his convictions of robbery in the third degree, sexual abuse in the third degree, criminal mischief in the fourth degree, and resisting arrest, and remit the matter to the Supreme Court, Kings County, so that the defendant may be resentenced as a second felony offender on those convictions.

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.