People v Flores (2020 NY Slip Op 04179)





People v Flores


2020 NY Slip Op 04179


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-03437
 (Ind. No. 9126/15)

[*1]The People of the State of New York, respondent,
v
Francisco Flores, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered March 3, 2017, convicting him of burglary in the second degree, grand larceny in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and sentencing him, as a persistent felony offender, to concurrent indeterminate terms of imprisonment of 15 years to life on the convictions of burglary in the second degree and grand larceny in the third degree, to run concurrently with a definite term of imprisonment of 1 year on the conviction of criminal mischief in the fourth degree.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the adjudication of the defendant as a persistent felony offender and the sentence imposed upon the convictions of burglary in the second degree and grand larceny in the third degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
Contrary to the defendant's contention, the Supreme Court was not required to conduct a minimal inquiry following the defendant's comments about his counsel, because the defendant failed to make "specific factual allegations of serious complaints about counsel'" (People v Porto, 16 NY3d 93, 100, quoting People v Medina, 44 NY2d 199, 207; see People v McErlean, 149 AD3d 872, 873). Additionally, contrary to the defendant's contention, the record demonstrates that he was given a sufficient opportunity by the court to make such allegations.
The defendant's contention that he was penalized for going to trial rather than accepting a plea offer is unpreserved for appellate review (see People v Rivera, 126 AD3d 818, 820; People v Evans, 16 AD3d 595, 596). In any event, the contention is without merit. "The fact that the defendant's sentence was greater than the one he would have received had he pleaded guilty does not establish his entitlement to a lesser sentence" (People v Rivera, 126 AD3d at 820; see People v Evans, 16 AD3d at 596).
However, we agree with the defendant's contention that the totality of the evidence adduced at the persistent felony offender hearing, although warranting the defendant's adjudication as a second felony offender, did not warrant his adjudication as a persistent felony offender (see [*2]Penal Law § 70.10[2]; CPL 400.20[1]; People v Fews, 148 AD3d 1180, 1182; People v Velazquez, 58 AD3d 646; People v Greene, 57 AD3d 1004, 1006; People v Truesdale, 44 AD3d 971, 972). Accordingly, we vacate the adjudication of the defendant as a persistent felony offender and the sentence imposed upon his convictions of burglary in the second degree and grand larceny in the third degree, and remit the matter to the Supreme Court, Kings County, so that the defendant may be resentenced as a second felony offender on those convictions.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court